### ROSEBORO *v.* THE STATE.

ATKINSON, J. 1. A charge that "The defendant makes his statement and tells you that he shot this man to save his own life. The circumstances under which he shot—surrounding him at the time he shot—you must gather from all the facts and circumstances, gather from the witnesses and his statement. The law puts upon him the duty, where he admits the killing, of satisfying the jury that he was justified under some rule of law, unless the evidence in the case against him shows justification or mitigation," is not erroneous; nor is it error to fail to charge in connection therewith, upon written request, the reasons stated in the first headnote of *Mann* v. *State*, 124 *Ga.* 760, as to the applicability to the facts of a given case of a charge similar to that given.

2. The court, in the general instructions, sufficiently charged the law of circumstantial evidence, applicable to the facts in the case, and it was not erroneous to refuse to charge a cumulative written request on the subject.

3. A bare fear that the life of the accused, or his limb, or person, was in danger at the time he took the life of the deceased will not justify the killing. It must appear that the circumstances were such as would excite the fears of a reasonable man. It is therefore proper to decline a request to charge, "if the deceased felt at the time, or had reason to feel from the circumstances, that it was necessary to shoot to save his own life, limb, or person, then he was justifiable."

4. Where the defendant introduced no evidence, and in his statement attempted to justify the homicide, on the ground that the killing of the deceased was necessary to save his own life, a charge that "if the circumstances were sufficient to excite the fears of a reasonable man, and if the accused acted under the influence of those fears and not in a spirit of revenge, or if there be a reasonable doubt about it,—a reasonable doubt about whether he shot to save his own life,—he would be justified," stated the law appropriate to the defense set up, and was, therefore, not erroneous.

5. The verdict is supported by the evidence; and the foregoing deals with all the assignments of error argued in the brief by counsel for the plaintiff in error.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Argued January 21,—Decided March 1, 1907.

Indictment for murder. Before Judge Seabrook. Miller superior court. December 15, 1906.

*William I. Geer,* by *Z. D. Harrison,* for plaintiff in error.

*John C. Hart, attorney-general,* and *J. A. Laing, solicitor-general,* by *R. R. Arnold,* contra.