## 843. SMITH *v.* THE STATE.

The instruction of the trial judge upon the subject of alibi is approved.

Indictment for arson, from Monroe superior court—Judge Reagan. October 15, 1907.

Argued December 10,—Decided December 20, 1907.

*B. H. Manry, Berner, Smith & Hastings,* for plaintiff in error. *O. H. B. Bloodworth, solicitor-general, O. H. B. Bloodworth Jr.,* contra.

POWELL, J. The defendant offered evidence of an alibi. The court charged the jury as follows: "The defendant has set up an alibi as a defense in this case. An alibi involves the impossibility of the defendant's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of his presence. In order to constitute a complete alibi, it should appear that it was reasonably impossible that the defendant could have been at the place where the crime was committed, if one was committed. If he could not have been at the place where the crime was committed, that would be a complete alibi under the law, and would constitute a complete defense. Where an alibi is offered, whether it is complete or not, it is the duty of the jury to consider it along with all the testimony in the case, and if the evidence, taken as a whole, raises a doubt in the mind of the jury of the defendant's guilt, you should acquit him." The point is made that the court erred in failing to charge the jury that the defendant should be acquitted if he established an alibi to the reasonable satisfaction of the jury; that an alibi, as an independent defense, should not be confused with the other issues in the case.

As to the law governing the defense of alibi, the decisions in this State recognize, and in a measure uphold, a plain, palpable in-

congruity. It is said that the burden of proving an alibi to the reasonable satisfaction of the jury rests upon the defendant; yet the State must show the defendant to be guilty beyond a reasonable doubt, and if his proof tending to establish an alibi raises such a doubt, he is to be acquitted; in other words the State must show, as a part of the case, and must prove beyond a reasonable doubt, the defendant's presence; but the defendant must establish his absence to the reasonable satisfaction of the jury. If it be conceded that absence and presence are absolute opposites, and that proof to the reasonable satisfaction of the jury is of a different degree from proof beyond a reasonable doubt, the logical absurdity of the proposition just announced is apparent. Ordinarily we would be hesitant to call absurd any doctrine apparently recognized by our courts; but as to this proposition, almost every judge of our Supreme Court who has had occasion to state the proposition has recognized the incongruity. See, especially, the comments of Mr. Justice Little in *Bone* v. *State,* 102 *Ga.* 387, 393, and of Chief Justice Bleckley in *Harrison* v. *State,* 83 *Ga.* 129, 135. Probably the nearest approach to a reconciliation of terms which would tend to relieve the proposition of the objection stated is contained in the intimation of Mr. Justice Hall in *Landis* v. *State,* 70 *Ga.* 651, 659 (based on what was said by Judge Bleckley in *Johnson* v. *State,* 59 *Ga.* 142), that the requirement that the defendant shall establish his defense of alibi to the reasonable satisfaction of the jury does not mean that he shall establish it by a preponderance of the testimony, but only to such an extent that it shall create a reasonable doubt of his guilt. The real holding in *Harrison* v. *State,* supra, and in *Bone* v. *State,* supra, is that if the court fully and fairly instructs the jury as to the burden resting on the State of proving the defendant's guilt beyond a reasonable doubt, it is harmless error to instruct also that the burden of proving the alibi to the reasonable satisfaction of the jury rests on the defendant. If the court had charged the jury, as counsel for the defendant contends he should have charged, that the defendant had the burden of establishing his defense only to the reasonable satisfaction of the jury, being bound by the precedents of the Supreme Court in *Ryals* v. *State,* 125 *Ga.* 266, *Bone* v. *State,* 102 *Ga.* 387, *Cochran* v. *State,* 113 *Ga.* 726, *Westbrook* v. *State,* 91 *Ga.* 11, *Harrison* v. *State,* 83 *Ga.* 129, and several other cases of the same tenor, we

would have upheld the .instruction. We would like to see these cases modified, "but since correction lieth in those hands which made the fault, we can not correct." Whenever the point is fairly made and a request to review these cases is properly submitted, we may certify the question to the Supreme Court, and we have no doubt that court will so revise these decisions as to make the law relating to this subject plain and free from incongruity. The instruction sub judice states the law accurately and correctly. It is not apt to lead the jury (as plaintiff in error contends) to believe that the defendant should establish his defense of alibi beyond a reasonable doubt, nor even yet by a preponderance of the evidence; but plainly tells them that if the proof on this question is such as to create a reasonable doubt, the defendant is to be acquitted.

It is to be remembered that the word "complete," as applied to the alibi, has no reference to the quality of the testimony on the subject, but only to the quantity. A witness testifies to a complete alibi when he swears to such a state of facts as to make the presence of the defendant at the scene of the crime reasonably impossible; to a partial or incomplete alibi when he swears to such a state of facts as to make the presence of the defendant at the scene of the crime in some degree improbable, though not reasonably impossible. The defendant has therefore offered a complete alibi when he has introduced witnesses who testify to a state of facts which render his presence reasonably impossible, whether the witnesses are, in the eyes of the jury, credible or not. The substance of the charge as given in this case is that when the defendant offers proof either that it was reasonably impossible or that it was in any degree improbable that he was present at the scene of the crime at the time it was committed, the jury must give due effect to the testimony submitted, and if, after considering the credibility of the witnesses by whom the proof is made and the nature of the facts testified by them, they have a reasonable doubt of the defendant's guilt, they should acquit; although, on account either of any lack of full credibility on the part of the witnesses or of any deficiency in the completeness of the facts sworn to, the defendant's proof has not shown the absence of the defendant so clearly as to make them satisfied of that fact. The defense of alibi is not affirmative, it is not a plea of confession and avoidance. It is not to be considered apart from the other evidence in the case. See charge ap-

proved in *Goldsmith* v. *State*, 63 *Ga.* 85 (2). See also *Ledford* v. *State*, 75 *Ga.* 856 (3). Every particle of the testimony which tends to show that the defendant committed the crime so far disputes the alibi; every fact tending to show the impossibility or improbability of the defendant's presence at the time and place of the commission of the crime likewise tends to raise doubt of his guilt. See *Ware* v. *State*, 67 *Ga.* 349, 351. In some defenses, such as insanity, the proof by which the State establishes the crime may in no wise tend to dispute the defense; and proof tending to establish the plea in no wise traverses the facts on which rests the case in chief. In such cases it is logically consistent to charge that the burden of establishing the case in chief beyond a reasonable doubt rests upon the State, but that the defendant may avoid responsibility and thereby obtain an acquittal if he establishes his defense to the reasonable satisfaction of the jury. Alibi is no such defense, and it is confusing and incongruous so to classify it. In truth the burden of proving an alibi is never on the defendant; the burden of proving his presence is on the State throughout the trial, and the evidence of his absence tends merely to weaken or disprove the testimony of the State's witnesses on this point. Until the Supreme Court modifies its previous decisions, we shall follow them and decline to reverse a judgment because the court charges the jury that the defendant has the burden of showing that he was not present, to the reasonable satisfaction of the jury, though the State must show he was present beyond a reasonable doubt; but we will not reverse a judgment because the judge refuses to commit himself to an absurdity so manifest, and simply charges, as Judge Reagan did in this case, that an alibi is a perfect defense; that when the defendant offers proof of an alibi, complete or incomplete, it is the duty of the jury to consider it along with the other testimony in the case, and if the evidence, taken as a whole, raises a doubt in the mind of the jury as to the defendant's guilt, he should be acquitted. The proposition that a charge of the character of the one under consideration covers the same subject-matter as the instruction which it is insisted should have been given,— namely, the degree of probative force which the proof of alibi must possess to be available, and that the charge given presents the matter more favorably to the accused than the instruction said to have been improperly omitted would have done, seems to us to

be manifest. However, counsel for the plaintiff in error, whose eminence and ability in the profession is such as to cause us to hesitate before announcing any proposition, however clear to us, which he has assailed, has, by the fervor with which he has insisted that the charge, and especially the omission to charge as stated before, are erroneous and harmful to his client, led us to make a full examination of all the cases on the subject. After a careful consideration of all the decisions, we approve the charge as given, and commend it to the trial bench as a precedent for instructions upon this subject. This covers the only serious question in the case.

*Judgment affirmed. Russell, J., dissents.*