### 1675. WALLACE *v.* SOUTHERN RAILWAY COMPANY.

HILL, C. J. Where a widow sues a railroad company to recover damages for the homicide of her husband, an employee of the company, who was killed in connection with his employment, she must show either that the deceased was free from fault contributing to his death, or that he was killed by the negligence of the company as alleged in the declaration. The evidence in this case shows the killing by the company, but it wholly fails to show that the proximate cause of the homicide was the alleged negligence of the defendant, or that the deceased employee was blameless in connection with his death. A nonsuit was therefore properly awarded, as the plaintiff failed to make out a prima facie case. Hopkins' Law of Personal Injuries, §§ 240, 241, and 374, and cases cited.

*Judgment affirmed.*

Action for damages, from city court of Atlanta—Judge Calhoun. December 4, 1908.

Argued April 1,—Decided July 31, 1909.

*Burton Smith,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman, McDaniel, Alston & Black,* for defendant.

---

### 1679. SLAPPEY *v.* THE STATE.

RUSSELL, J. The uncontradicted evidence practically demanded the conviction of the defendant; and the errors assigned are harmless.

*Judgment affirmed.*

Indictment for assault with intent to murder, from Sumter superior court—Judge Littlejohn. December 30, 1908.

Argued March 9,—Decided July 31, 1909.

*Blalock & Cobb,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.