### 2132.   CORKER *v.* SPERLING.

RUSSELL, J.   1. The testimony of the witness, introduced by the plaintiff, that certain words were used by the defendants, in meaning substantially conformed to the allegation in the petition as to the language there charged to have been used by him; and the tacit admissions of the defendant, that he had made statements to the same general effect as those charged in the declaration, were sufficient to authorize the verdict.

2. Where a ruling upon the sufficiency of testimony is invoked, the trial judge has the right to make his ruling intelligible by stating the impression that certain testimony has made upon his mind, and even to state definitely what in his opinion a witness has testified, especially when he calls the attention of the jury specifically to the fact that the impression made upon his mind is to have no influence upon their determination as to what was really testified.   Where it is either apparent or probable that a discussion of the testimony must ensue upon a motion or ruling invoked of the court, and the party deems it to his interest that the jury should not hear it, a timely request that the jury be withdrawn should be preferred.

3. A trial judge is not required to recall a witness to refresh his recollection of the testimony, nor to regard affidavits as to what a witness who has already been upon the stand would testify if reintroduced.   It is discretionary with the court to permit a witness who has already given his testimony to be again placed upon the stand for the purpose of repeating or explaining statements previously made by him; but the practice is not to be favored where reasonable opportunity has been afforded for a full examination of the witness; and the discretion of the court in reference to this matter will in no case be controlled unless it is perfectly clear that this discretion has been abused.

4. Proof of language substantially similar, or a practical identity of meaning with the defamatory words alleged in an action for slander, is all that is requisite or feasible.   Substantial identity as to the charge and the proof is all that is usually attainable·in actions based upon oral utterances.   Where a defamation is reduced to writing, complete certainty is necessary.   "But for oral utterances such verbal precision need not and can not be required.   It need not be, for the importance of single words in oral discourse is compartively much less than in writings; and it can not be, since memory does not retain precise words, except of simple utterances and for a short time.   Hence, verbal precision is in general not required in proving oral utterances; the substance or effect is sufficient."   3 Wigmore on Evidence, § 2097.        *Judgment affirmed.*

DECIDED JULY 25, 1910.

Action for slander; from city court of Waynesboro—Judge Hammond presiding.    August 7, 1909.

*E. L. Brinson, Phil. P. Johnston,* for plaintiff in error.

*William H. Fleming,* contra.