### BROWN v. THE STATE.

EVANS, P. J. 1. In his charge to the jury the judge may properly decline to give repeated instructions, although requested in writing, on a single proposition, where he fully and accurately instructs the jury upon the law appertaining thereto. Accordingly, where he defines reasonable doubt and circumstantial evidence, and instructs the jury in appropriate connection that the probative force of the evidence to authorize a conviction must be such as to show the defendant's guilt beyond a reasonable doubt, and further instructs them that in order to convict on circumstantial evidence the facts established by the evidence must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis, and must be inconsistent with any reasonable supposition of the defendant's innocence, a new trial will not be granted because several requests to charge embodying these propositions in varying forms of expression were not given.

2. The evidence was uncontroverted that the decedent was assassinated, and that the perpetrator of the homicide was guilty of murder. The defendant denied that he was the slayer, and submitted evidence tending to establish an alibi. There was certain testimony to the effect that the defendant stated that Dan Brown (which was the name of the defendant) killed the decedent, and gave the full particulars of the killing. The defendant requested a charge that if the jury should find that he

made a confession of guilt, they could not convict on that confession alone, without corroboration. The court failed to comply with this request, but did charge on confessions, instructing the jury that confessions of guilt should be scanned with care and received with caution. Inasmuch as there was no controversy that the corpus delicti was established, which alone would be sufficient corroboration of a confession, as well as other corroborating evidence, a new trial is not required because the court did not give the requested charge, which contained a correct and pertinent principle of law.

3. The theory of the prosecution was that the defendant, about a year prior to the homicide, was living in adultery with the woman at whose house the homicide occurred; that he afterwards married another woman, and the decedent, a single man, lived in the house of the defendant's former paramour; and that the defendant killed the decedent because his former paramour refused to renew her illicit relations with him, on account of her intimacy with the decedent. It was not erroneous to receive evidence tending to prove this theory, nor to allow the defendant's former paramour to testify concerning the defendant's efforts to renew his relations with her, and, upon her declination, his threat, made shortly before the homicide, that if she did not go with him he would kill her and not let her go with any one.

4. There is no error in administering the oath to a panel of six jurors at once, preliminary to their examination on the voir dire as to their competency, nor in postponing the swearing of the jurors in chief until a full panel of twelve is obtained. *Roberts* v. *State*, 65 *Ga.* 430. The case cited, on review, is affirmed and followed.

5. If a juror is not put on trial, the court may decline to allow other questions propounded on the voir dire than those prescribed by the statute.

6. Other assignments of error are without merit, and the court did not abuse his discretion in refusing to set aside the verdict.

ATKINSON, J., specially concurring. I am of the opinion that the testimony relating to the defendant's statement to the witness did not amount to a confession of guilt by the defendant, and that the court properly declined the request referred to in the second headnote.

*Judgment affirmed. All the Justices concur.*
NOVEMBER 12, 1913.

Indictment for murder. Before Judge Conyers. Glynn superior court. July 19, 1913.

*F. H. Harris,* for plaintiff in error. *T. S. Felder, attorney-general,* and *J. H. Thomas, solicitor-general,* contra.