### 37835.  POOLE *v*. THE STATE.

DECIDED SEPTEMBER 21, 1959—REHEARING DENIED
OCTOBER 9, 1959.

*James L. Moore,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank S. French, Eugene L. Tiller, Assistant Solicitor-General,* contra.

TOWNSEND, Judge. ■ The special grounds 1 through 5 of the amended motion for new trial complain of the admission of a police officer, a witness for the State, as to his conversation with the defendant and with the codefendant in the presence of the defendant Poole on the ground that such testimony was irrelevant, immaterial, highly prejudicial, of no probative value and had nothing to do with the crime. The testimony was as follows:

"I said, what is happening, what are you fellows doing down here? Poole, sitting over there, he began talking, says, 'I was helping my friend out, he was having tire trouble. I was coming through here and he asked me to take this tire, which was lying on the back fender of the Ford car', it was fully inflated, had the rim and everything, 'up to the station at North Side and Simpson Street to get it fixed. We just come back from getting the tire fixed.' I looked at the Chevrolet which was parked in front of the Ford and I noticed the left front vent glass was broken, shattered. Opening the door of the Chevrolet I noticed that it was glass laying on the seat of the Chevrolet car on the driver's side and glass on the floor. I asked whose car was it and Dupree said it was his brother's car. I said, 'You were doing the driving,' and he said 'yes.' I said how was this glass broken? Dupree stated the glass had been broken for some time. I said, 'Well, is it customary for you to ride around with glass on the front seat?' He said, 'I didn't know it was broken out before I got in it and so I just let it stay there.' I said, 'Where did you all say you had the tire fixed?' and Poole said, 'At Phillips' 66 Station at Simpson and North Side Drive.' I said, O.K. and after I looked in the back of Poole's Ford car I saw a bumper jack lying on the seat, a set of tools, pliers and wire cutters and whatnot. I said, 'O.K., we will put the tire that's lying back against the fender of Poole's car in your car and we will go up to the station and verify your statement.' O.K., they got in the car and we proceeded. . . I said, 'We are going to arrest you fellows on suspicion of larceny of an automobile.' And I immediately called for a wrecker and a wagon to send the two prisoners in."

The objections to this testimony are without merit since the officer was testifying to explanations given him by the defendant and one jointly indicted with him in his presence as to their reasons for having possession of an automobile which, as the officers suspected and the facts later showed, was stolen property. The testimony was material because it showed that the explanations given were false. The evidence was properly admitted.

■ Special ground 6 of the amended motion recites the following: "The State rested and defendant advised the court that

he had a motion to offer and asked that the jury be retired. The court refused to send the jury out whereupon defendant moved the court to direct a verdict of not guilty of the defendant upon the grounds that the State had failed to prove the corpus delicti and the connection of the defendant with the larceny of the automobile, in the presence of the jury." The refusal to exclude the jury upon the hearing of the motion for a directed verdict of acquittal is assigned as error as being irregular, illegal and prejudicial, amounting to an expression of opinion by the court that the defendant was guilty, and influenced the jury in making its verdict.

It is axiomatic that on the trial of any case the law is addressed to the court and the facts to the jury; the jury is not concerned with questions of law except as the law relevant to the case is given it in charge by the court. It is also axiomatic that the defendant in any criminal case—indeed, all parties in all cases— are entitled to a fair trial, and that the injection into the case of any matter not properly before the jury and which may influence the outcome of the case one way or another is error. Thus, where the defendant moves for a continuance because the panel of jurors has been made aware, by being present at the arraignment, that not only the indictment for which the defendant is on trial but other like indictments have been preferred against him, the refusal to grant the motion is reversible error. *Sides* v. *State,* 213 *Ga.* 482 (1) (99 S. E. 2d 884). Likewise, where the jury is improperly allowed to hear preliminary evidence as to a confession, the confession being subsequently ruled out, prejudicial error has occurred. *Hall* v. *State,* 65 *Ga.* 36. In *Corker* v. *Sperling,* 8 *Ga. App.* 100 (3) (68 S. E. 557) it was held: "Where it is either apparent or probable that a discussion of the testimony must ensue upon a motion or ruling invoked of the court, and the party deems it to his interest that the jury should not hear it, a timely request that the jury be withdrawn should be preferred." This rule was not applied in *Higgins* v. *Cherokee Railroad,* 73 *Ga.* 149 (6), 161, where the plaintiff complained that the court *sua sponte* failed to remove the jury before hearing a motion of the defendant for nonsuit, the court there stating: "We are not aware of any rule or practice that prohibits the

discussion of a motion for a nonsuit in the presence of the jury empanelled in the case. They are sometimes removed, upon the suggestion of either party, or by the court itself, when questions of the admissibility of evidence are to be discussed; this practice stands upon peculiar reasons, not at all applicable to the discussion of a motion for nonsuit. If the motion is granted, the case is withdrawn from the jury, but if it is denied, the impression which would be generally made upon their minds would not be unfavorable to the plaintiff." In that case, however (1) there was no motion to exclude the jury, and (2) the ruling of the court was favorable to the complaining party. Although merely ruling on a point of law raised by the parties does not constitute an expression of opinion of the trial court under Code § 81-1104 even though he must refer to testimony in order to make his ruling intelligible (see *Corker* v. *Sperling,* 8 *Ga. App.* 100, supra) nevertheless, it is very possible that the jury, being laymen, might consider the fact that the court refused to direct a verdict for one of the parties as an implication that he was of the opinion that party should not prevail. In such a case it is not necessary for the movant to show that the court's error in refusing to grant the motion to remove the jury actually entered into and influenced their verdict, but it is sufficient to show that the ruling would have been likely to produce that effect in order for it to constitute an abuse of discretion on the part of the trial court. Such a situation appears as to a defendant where, prior to making a motion for a directed verdict, he requests that the jury be withdrawn, where such request is refused, the motion is subsequently denied, and the court's judgment necessarily informs the jury that the adverse party has made out a prima facie case sufficient to sustain a conviction.

However, error, to be reversible, must be harmful. In the present case the only evidence in the record is that of the State's witnesses. The defendant offered no evidence and made no statement, and the evidence of the State demands a verdict of guilty. Accordingly, the error of the trial court in failing to exclude the jury is not such as will bring about a reversal in this case. See *Hussey* v. *State,* 69 *Ga.* 54; *Slappey* v. *State,* 6 *Ga. App.* 526 (65 S. E. 254); *Bienert* v. *State,* 85 *Ga. App.* 451 (69 S. E. 2d 300).

This would not be the case had the jury been authorized to render a verdict for the defendant. Of course a verdict is never demanded in a criminal case in the sense that the court may direct a guilty verdict. However, where, as here, the defendant makes no statement denying his guilt, and the *evidence* authorizes only a guilty verdict, such verdict is demanded in the sense that errors occurring on the trial may be harmless. The question of whether the discretion of the trial court is abused when a motion is made to exclude the jury and he refuses to do so and requires counsel to make his motion in the presence of the jury becomes a matter of more importance since the passage of Code (Ann.) § 110-113 making a motion for a directed verdict a prerequisite to the motion for judgment notwithstanding the verdict. Prior to the enactment of this statute it was immaterial, so far as the appeal of the case after an adverse verdict was concerned, whether a motion for a directed verdict was made or not, since the denial of such a motion is not error. Accordingly, counsel, who had every reason to believe such motion would be denied by the trial court in any event, might, if the request to withdraw the jury were refused, prefer not to make the motion at all and thus not risk prejudicing his case before the jury. As the law now stands, his failure to proceed would constitute a waiver, not only of a possible favorable decision by the trial court, but of a possible decision in his favor by the appellate court on a motion for judgment notwithstanding the verdict. Consequently, when the trial court is informed at the conclusion of the evidence that counsel desires to make a motion that should not be made in the presence of the jury, it becomes the duty of the court to exclude the jury and afford counsel an opportunity to make such motion. If, on the other hand, the court refuses to exclude the jury and requires counsel to make the motion in its presence and the motion is denied in its presence, this constitutes error on the part of the trial court and will be reversible error when harmful to the complaining party. The error was harmless in this case for the reason that the evidence demanded a verdict in favor of the State, and it accordingly could not have affected the outcome of the case. Recognizing the rule that the expression of an opinion by the trial court prohibited by

Code § 81-1104 is reversible even though harmless, that rule does not apply where counsel makes a motion which invokes a ruling on the part of the trial court and which ruling necessarily is based on some opinion which the trial court holds relative to the evidence. See *Corker* v. *Sperling*, 8 *Ga. App.* 100, supra.

■ The evidence, in addition to the testimony above quoted, shows that the owner of the Chevrolet automobile had parked it on Thurmond Street and Northside Drive at about 11:45 p.m. on the night in question; that when the police officers noticed it near another street corner close by the place where it had been previously parked by the owner at about 1:30 a.m., the indictees were at the car and had a Ford automobile parked immediately behind it; the front vent window glass, which had been intact when the car was left by the owner was broken and shattered glass lay in the seat; tools had been removed from the car and one wheel had been removed. The defendant and his companion gave false statements as to the ownership of the car and falsely claimed that they had just had the tire repaired at a nearby filling station. Tools which belonged to the owner of the Chevrolet were lying in Poole's Ford, and the wheel from the Chevrolet was also lying on the Ford. It is thus undisputed that at the time the police arrived both defendants were in possession of the Chevrolet, which was the property of another. The recent possession of stolen property, coupled with false statements as to the person from whom it was received, makes out a prima facie case of larceny. *Scott* v. *State*, 119 *Ga.* 425 (46 S. E. 637). While the false statement as to ownership was made by Dupree, who claimed the car belonged to his brother, the defendant, who was present, did not contradict the statement, but on the contrary made other false statements also regarding the automobile. All of the evidence demanded a verdict of guilty against Poole as well as his companion Dupree on the theory that the men were acting as co-conspirators in the larceny of the automobile.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*