## 22103. SMITHEY v. THE STATE.

DUCKWORTH, Chief Justice. This case involves the crime of murder. The defendant was indicted and convicted of killing her husband by shooting him with a certain pistol with malice aforethought. The accused admitted the killing to an investigating officer but added certain mitigating circumstances, and in her unsworn statement, offered further circumstances to show justification or mitigation by reason of fear of her husband who had cut her and beat her before and who had threatened to kill her. There was, however, other testimony by State's witnesses showing that the killing was without justification or mitigation. The jury returned a verdict of guilty with a recommendation of mercy. The exception is to the overruling of a motion for new trial as amended. *Held:*

1. Whether or not the evidence showing the defendant had spent nights in the room with another man unlawfully put her character in evidence, *Code* § 38-202, *Brown v. State,* 141 Ga. 5 (3) (80 SE 320), it would not require a new trial here because other evidence showing the same facts was introduced without objection. *Savannah Electric Co. v. Crawford,* 130 Ga. 421 (4) (60 SE 1056); *Whitley v. State,* 188 Ga. 177 (3 SE2d 588). This ruling also applies to amended ground 3 where the allowance of testimony of a doctor concerning a female child was objected to, and yet other evidence of the same import was admitted without objection.

2. The second amended ground is too indefinite and incomplete to enable this court to rule thereon. It complains because of the ruling disallowing testimony of a State's witness on cross-examination. The question was "Whatever date that might happen to be on, on Monday after this happened, she's been in jail down here ever since?" The expected answer was "Yes, she has been in jail here ever since the Monday after this happened." Apparently it was intended to rebut evidence of flight, but the indefiniteness of "ever since the Monday after this happened" leaves unaccounted for the time between when it happened and the Monday referred to in the question. There is no merit in this ground.

3. The exception in amended ground 4 is to an excerpt of the charge wherein it is stated that if the State proves or the defendant admits the killing in the manner charged, the law

presumes malice and the burden is cast upon the accused to justify the killing. The charge is subject to the attack because it failed to conform to the law in that it should have stated that if the State's evidence showing the killing in the manner charged or an admission of the defendant so showing did not also show circumstances of justification or mitigation then, and only then, would malice be presumed, and the burden rests upon the defendant to show justification or mitigation. *Futch v. State,* 90 Ga. 472 (8) (16 SE 102); *Hudgins v. State,* 2 Ga. 173, 188; *Crawford v. State,* 12 Ga. 142; *Reid v. State,* 50 Ga. 556, 560; *Mann v. State,* 124 Ga. 760 (53 SE 324, 4 LRA (NS) 934); *Roseboro v. State,* 127 Ga. 826 (56 SE 991). The State introduced the statement of the accused in which the killing in the manner charged was admitted, but coupled with that admission was the further statement that the deceased blocked the door and told her he would kill her if she went out. This ruling requires a ruling sustaining amended ground 5 also which presents the same legal question.

4. It was not error for the judge to preface a written request to charge with the words "as I have heretofore stated" in giving this charge. It did not prejudice the accused nor minimize the request but simply informed the jury that he had already charged to the same effect. This emphasis was favorable to the accused.

5. The evidence abundantly proved the guilt of the accused, and the general grounds raising this question are without merit.

6. The rulings made in Division 3 require a new trial.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 8, 1963—DECIDED SEPTEMBER 5, 1963.

*Charles L. Pickell,* for plaintiff in error.

*Earl B. Self, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.