## 24560. MOODY v. THE STATE.

NICHOLS, Justice. Vaughn Edward Moody was indicted, tried and convicted of the offense of rape. The verdict contained a recommendation of mercy and he was sentenced to life imprisonment. The sole enumeration of error is on the introduction in evidence of a signed confession.

At a separate hearing, outside the presence of the jury, the court heard evidence with reference to the circumstances surrounding the confession, at which time the detective to whom the defendant orally made such confession testified that the defendant signed a waiver of counsel prior to any other interrogation which contained the following: "I, Vaughn Edward Moody, have been informed by the undersigned law enforcement officers, prior to being questioned by them, that I am suspected of the offense of rape and robbery in Fulton County, Georgia, on the 11th day of May, 1967, and have been informed by them of my constitutional rights as follows: 1. That I may remain silent and do not have to make any statement at all. 2. That any statement which I might make may be used against me in court. 3. That I have a right to consult with an attorney before making any statement and to have such attorney present with me while I am making a statement. 4. That if I do not have enough money to employ an attorney, I have the right to have one appointed by the court to represent me; to consult with him before making any statement; and to have him present with me while I am making a statement. 5. That if I request an attorney, no questions will be asked me until an attorney is present to represent me. After having my constitutional rights explained to me, I freely and voluntarily waive my right to an attorney. I am willing

to make a statement to the officers. I can read and write the English language and fully understand my constitutional rights to an attorney. I have read this waiver of counsel and fully understand it. No threats or promises have been made to me to induce me to sign this waiver of counsel and to make a statement to the officers."

The confession itself began: "I, Vaughn Edward Moody CM?18 of 241 Doane Street, have been informed by Det. E. A. Clements, that I do not have to make any statement, and that any statement made by me may be used against me in a court of law. I have been advised that I have the right to have an attorney present and I waive my right to an attorney. I have not been threatened, forced or promised anything to make this statement."

The evidence adduced before the court outside the hearing of the jury also disclosed that the defendant's father brought the defendant to the police station after being advised that a warrant for his arrest had been issued, that the statement was dictated by the defendant without any questions being asked by the detectives, and that the defendant had stated that he wanted to tell his side of the story. Counsel for the defendant cross examined the State's witness on such question but did not introduce any evidence to rebut the evidence of the State. *Held:*

1. The procedure followed by the trial court in hearing evidence as to the voluntariness of the confession outside the presence of the jury, and making an initial finding as to its voluntariness, met the requirements prescribed by the U. S. Supreme Court in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205).

2. The evidence set forth above, without any contradictory evidence being adduced, authorized the admission in evidence of the confession.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 8, 1968—DECIDED APRIL 22, 1968.

*Jonathan Golden,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Melvin England, Carter Goode, Arthur K. Bolton, Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.