## 44736. GATES v. THE STATE.

PANNELL, Judge. The defendant was convicted of the offense of voluntary manslaughter and was given a ten-year sentence. He filed a motion for new trial on the general grounds only, which was overruled. He appealed from the judgment of conviction and sentence and made no contentions in reference to the general grounds of the motion for new trial in his enumerations of error. *Held:*

1. (a) Where a witness testified that prior to the time she lived with the defendant as his common law wife, she was married to another person who was still living and from whom she had not been divorced, the witness was not entitled to the marital privilege of refusing to testify, as the previous marriage is not presumed to have been dissolved. *Code* § 53-102, as amended by the Act of 1957 (Ga. L. 1957, p. 83; *Code Ann.* § 53-102 (1)).

(b) Even if the witness were the lawful spouse of the defendant, he had no right to object to her testifying since she is now a competent witness, but is not compelled to testify. It is only where the witness is not competent under the statute that objections to the witness testifying may be made by a party. *Code* § 38-1604 prior to the amendment of 1957 (Ga. L. 1957, p. 53; *Code Ann.* § 38-1604) read as follows: "Husband and wife shall not be competent or compellable to give evidence in any criminal proceeding for or against each other, except that either shall be competent, but not compellable, to testify against the other upon the trial for any criminal offense committed, or attempted to have been committed,

upon the person of either by the other. The wife shall be a competent witness to testify for or against her husband in cases of abandonment of his child, as provided in section 74-9902." The Act of 1957 struck the word "not" in the first line of the section and the word "or" preceding the word "compellable" in the second line and inserted, in lieu thereof, the words "but shall not be," so that the section as amended reads as follows: "Husband and wife shall be competent but shall not be compellable to give evidence in any criminal proceeding for or against each other, except that either shall be competent, but not compellable, to testify against the other upon the trial for any criminal offense committed, or attempted to have been committed, upon the person of either by the other. The wife shall be a competent witness to testify for or against her husband in cases of abandonment of his child, as provided in section 74-9902." It is obvious that under the changes made a husband and wife are competent but not compellable to give evidence in any criminal proceeding for or against each other, and that the exception left in the statute, although not stricken by the legislature, has no meaning in view of the change in the language of that portion of the statute to which it was once an exception. Whether the wife would be compellable to testify for or against her husband in cases of abandonment of his child, it is not necessary to decide in the present case.

2. The testimony of the witness that she saw the deceased and the defendant pushing each other and had gone back in her room and in about two minutes the deceased knocked on her door and, when she opened it, stated that the defendant "stabbed me out there a while ago," was admissible as part of the res gestae. *Code* § 38-305; *Hooks v. State,* 215 Ga. 869, 872 (114 SE2d 6); *Dumas v. State,* 65 Ga. 471 (2); *Stevenson v. State,* 69 Ga. 68 (2); *Kirk v. State,* 73 Ga. 620 (5); *Cason v. State,* 134 Ga. 786 (5) (68 SE 554).

3. Where a party, after objecting to testimony that defendant had blood on his hands, which is admitted over his objection, subsequently elicits similar testimony on cross examination, he cannot urge the admission over his objection as error (*Salisbury v. State,* 222 Ga. 549 (150 SE2d 819); *Smithey v. State,* 219 Ga. 247 (1) (132 SE2d 666); *Whitley v. State,* 188 Ga. 177 (3) (3 SE2d 588)), nor can he subsequently have such evidence ruled out on another ground.

4. Where the chief witness for the State had testified on cross examination that she had never threatened anybody or taken a knife to anybody, not even to chase him off from around her apartment, and the defense offers testimony of a witness to the effect that he had seen the said chief witness "with a knife," the trial court did not err in refusing to admit said evidence for the purposes of impeachment. The evidence offered in no way impeached the testimony of the State's chief witness.

5. The other enumerations of error are either controlled by the rulings made or are otherwise without merit.

Judgment affirmed. *Quillian and Evans, JJ., concur.*

ARGUED SEPTEMBER 12, 1969—DECIDED SEPTEMBER 30, 1969—REHEARING DENIED OCTOBER 21, 1969—

*Sutherland, Asbill & Brennan, Barrett K. Hawks,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight,* for appellee.

