## 45835.   MERNEIGH v. THE STATE.

JORDAN, Presiding Judge. This appeal is from the overruling of motions for new trial after conviction and sentence for the misdemeanor offenses of false report of a crime and simple battery. *Held:*

1. This court is by mandate of the Constitution of Georgia bound by the precedents established by the Supreme Court of Georgia. Constitution of Georgia, Art. VI, Sec. II, Par. VIII (*Code Ann.* § 2-3708). In view of these precedents, despite persuasive authority to the contrary, where the issue of alibi is present in a case it is not error for any reason argued and insisted upon to instruct the jury that "alibi as a defense should be established to the reasonable satisfaction of the jury, and not beyond a reasonable doubt." See and compare *Young v. State,* 225 Ga. 255 (167 SE2d 586); *Chaffin v. State,* 225 Ga. 602 (170 SE2d 426); *Thornton v. State,* 226 Ga. 837 (178 SE2d 193); *Parham v. State,* 120 Ga. App. 723 (171 SE2d 911); *Pritchard v. State,* 122 Ga. App. 780 (178 SE2d 808); Smith v. Smith, and Shoemake v. Whitlock, Civil Actions Nos. 14304, 14305, United States District Court, Northern District of Georgia, Atlanta Division, opinion dated December 23, 1970.

2. The third enumeration asserts that the trial court "erred in

permitting appellant's wife to invoke the privilege of not testifying against appellant in the presence of the jury after the State was informed she would do so." Pretermitting the question of whether timely and proper objection was made followed by a motion for mistrial so as to invoke a ruling by the court, we see no harmful or reversible error. The presumption is that a witness is competent to testify, and the burden is on the objecting party to show incompetency. *Adams v. Barrett,* 3 Ga. 277 (3); *Goodson v. State,* 162 Ga. 178 (132 SE 899). A witness offered must be permitted to testify unless there is an objection. *Dowdy v. Watson & Lewis,* 115 Ga. 42 (41 SE 266).

As Judge Pannell pointed out in the recent case of *Gates v. State,* 120 Ga. App. 518 (171 SE2d 375), since the 1957 amendment to *Code* § 38-1604 (Ga. L. 1957, p. 53) a wife is now a competent but not a compellable witness in a criminal proceeding for or against her husband, whereas prior to the amendment she was neither competent nor compellable in such a situation. Being a competent witness the State had the right to call her and require her to testify unless she then and there claimed her privilege not to do so. Though the court was informed that she had claimed this privilege at a previous trial and would do so again, she might have changed her mind at any time before taking the stand. See *James v. State,* 223 Ga. 677, 683 (157 SE2d 471) and *Kellar v. State,* 226 Ga. 432 (1) (175 SE2d 654).

We know of no binding authority which requires the reversal of a criminal case merely because an otherwise competent witness has invoked statutory or constitutional immunities in the presence of the jury.

3. No error appearing for any other reason, the judgment is affirmed.

*Judgment affirmed. Eberhardt, J., concurs. Hall, P. J., Pannell and Quillian, JJ., concur specially. Bell, C. J., Deen, Whitman and Evans, JJ., dissent.*

SUBMITTED JANUARY 7, 1971—DECIDED MARCH 10, 1971—
REHEARING DENIED MARCH 19, 1971.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, Tony H. Hight, John A. Schupp,* for appellee.

HALL, Presiding Judge, concurring specially. A famous playwright once said that judges' instructions to the jury are "grand conglomerations of garbled verbiage and verbal garbage." Georgia's traditional charge on alibi is strong proof to support this claim. See Judge Powell's opinion in *Smith v. State,* 3 Ga. App. 803 (61 SE 737); Chief Justice Bleckley's opinion in *Harrison v. State,* 83 Ga. 129, 135 (9 SE 542); Green, Georgia Law of Evidence 75-77, § 21; Agnor, 11 Encyclopedia of Georgia Law, Evidence, 379, § 138; *Parham v. State,* 120 Ga. App. 723 (171 SE2d 911); and Judge Edenfield's opinion in Smith v. Smith, and Shoemake v. Whitlock, Civil Actions Nos. 14304, 14305, United States District Court, Northern District of Georgia, Atlanta Division, opinion dated December 23, 1970.

The sequence of Stump v. Bennett, 398 F2d 111; Johnson v. Bennett, 393 U. S. 253 (89 SC 436, 21 LE2d 415); s. c., 414 F2d 50; *Parham v. State,* supra; *Thornton v. State,* 226 Ga. 837 (178 SE2d 193); *Pritchard v. State,* 122 Ga. App. 780 (178 SE2d 808); the Smith and Shoemake cases in the United States District Court, supra; *Cash v. Smith,* 227 Ga. 314 (180 SE2d 542); and now the case sub judice, has produced a judicial merry-go-round which can hardly be expected to promote respect for law, order and justice in the minds of the bar and the general public. If the Georgia appellate courts lack either the will or the authority to correct what Judge Powell called a "plain, palpable incongruity," the whole process of criminal justice in Georgia is exposed to ridicule. Convictions in alibi cases will continue to be mere acts of futility since the defendants will seek and obtain release by the United States District Court. Apparently the only practical solution to the problem lies with the good common sense of our trial judges who can avoid this disastrous charge and thereby preserve what would otherwise be a final judgment in a criminal case.

PANNELL, Judge, concurring specially. I concur with Division 2 of the majority opinion. I concur with Division 1 of the opinion because we are bound by the rulings of the Supreme Court of Georgia under our Constitution and for this reason only.

EVANS, Judge, dissenting. I dissent from Division 2 of the opinion and the judgment of affirmance.

The transcript in this case shows that prior to the introduction of evidence, while out of the presence of the jury, defense counsel objected to the State requiring defendant's wife to appear before the jury and testify as to her unwillingness to become a witness against her husband, stating: "This is highly prejudicial, to the defendant, to bring the witness in before the jury and I would like to move at this time that they not call her in before the jury." State's counsel insisted upon its right to require defendant's wife to "state herself from the witness chair whether she does or does not want to testify for or against her husband," and the trial judge ruled that he had such right. Accordingly, thereafter, during the time when testimony was being introduced on behalf of the State, State's counsel announced: "The State calls Mrs. Janice Lee Merneigh, the wife of Freddie Joseph Merneigh." Defense counsel stated: "I believe we will have to have something outside the hearing of the jury." The court refused to conduct these proceedings outside the presence of the jury and State's counsel administered an oath to this witness and, after proving her name and relationship to the defendant, inquired: "Q. As the defendant's wife do you or not wish to testify?" To which she responded: "A. I do not wish to testify for or against," and she was thereupon excused.

This was very prejudicial to the defendant and could have been so easily obviated by the trial court's requiring these proceedings conducted in the absence of the jury. Both the trial court and counsel seemed determined to have all this brought out in the presence of the jury which, in my opinion, deprived the defendant of having a fair trial.

It is obvious that State's counsel was seeking to make the defendant's wife a witness by implication and innuendo. The jury should not have been concerned with or apprised of whether defendant's wife wished to testify for or against her husband, and the only conclusion the jury could have reached, under such circumstances, was that the defendant's wife knew something incriminating against him and therefore refused to be a witness. Immaterial and irrelevant matter should be, by the trial judge,

kept away from the jury. See *Code* §§ 38-202 and 38-1704.

*Code* § 81-1009 provides: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." In *Poole v. State,* 100 Ga. App. 380, 383, (111 SE2d 265), we find the following discussion: "It is axiomatic that on the trial of any case the law is addressed to the court and the facts to the jury; the jury is not concerned with questions of law except as the law relevant to the case is given it in charge by the court. It is also axiomatic that the defendant in any criminal case—indeed, all parties in all cases—are entitled to a fair trial, and that the injection into the case of any matter not properly before the jury and which may influence the outcome of the case one way or another is error. Thus, where the defendant moves for a continuance because the panel of jurors has been made aware, by being present at the arraignment, that not only the indictment for which the defendant is on trial but other like indictments have been preferred against him, the refusal to grant the motion is reversible error. *Sides v. State,* 213 Ga. 482 (1) (99 SE2d 884)." Likewise, it is improper for the jury to be allowed to hear preliminary evidence as to confessions, admissions, etc. See *Hall v. State,* 65 Ga. 36; *Corker v. Sperling,* 8 Ga. App. 100 (3) (68 SE 557); *Moody v. State,* 224 Ga. 301 (1) (161 SE2d 856); Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205). The better practice in such matters is to exclude the jury, especially where there is a timely request therefor, to prevent the jury's being prejudiced by the discussion of the testimony or a ruling of the court. See *Corker v. Sperling,* 8 Ga. App. 100 (2), supra; *Higgins v. Cherokee Railroad,* 73 Ga. 149, 161.

*Code* § 38-1604, as amended by Ga. L. 1927, p. 145; and Ga. L. 1957, p. 53, gives to the wife the absolute right to refuse to give evidence in any criminal proceeding against her husband, and her rights under this statute were denied her through making her, in effect, become a witness against her husband, in the presence of

the jury, and making her there claim the right not to testify against her husband.

Because of the foregoing, I dissent and would vote to reverse this case.

I am authorized to state that Chief Judge Bell and Judges Deen and Whitman join in this dissent.