69353, 69462. CLARK v. THE STATE (two cases).
69546. SMITH v. THE STATE.
(327 SE2d 549)

BENHAM, Judge.

Appellants were convicted of trafficking in cocaine and possession

of diazepam. Cases No. 69353 and No. 69462 were initiated by notices of appeal filed by appellant Clark and his appointed counsel respectively. They are consolidated in this appeal, along with the appeal of Clark's co-defendant Smith, for purposes of judicial economy.

1. Clark's first enumeration of error concerns allegedly inflammatory remarks made by the prosecuting attorney during the opening statement to the jury. Since appellant failed to renew his motion for mistrial after the trial court took corrective action, any objection to the denial of a mistrial is deemed waived. See *Paul v. State*, 170 Ga. App. 746 (2) (318 SE2d 200) (1984).

2. Both appellants have enumerated as error the trial court's action in granting the state's motion for a directed verdict of acquittal as to a third defendant. More specifically, they complain that the court's failure to excuse the jury before the motion was made and granted prejudiced the jury against them.

" 'Because of the trial court's broad discretion in regulating and controlling the business of the court, the reviewing court should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse, or the court in some manner takes away the rights the parties have under the law.' [Cit.]" *Montford v. State*, 168 Ga. App. 394 (5) (309 SE2d 650) (1983). In the present case, appellants made no request that the trial court remove the jury. See *Poole v. State*, 100 Ga. App. 380 (2) (111 SE2d 265) (1959). The record also indicates that there was no discussion of the issue in the course of ruling on the motion; the motion was made and granted with the consent of the co-defendant's counsel. Under those circumstances, we find no abuse of discretion which would prejudice the appellants and warrant a reversal of their convictions.

3. Appellant Smith enumerates as error the denial of her motion to suppress the evidence seized in a search of her apartment pursuant to a search warrant. Appellant concedes that the affidavit filed in support of the application for a search warrant was sufficient if judged by the "totality of the circumstances" test established by *Illinois v. Gates*, ___ U. S. ___ (103 SC 2317, 76 LE2d 527) (1983), but argues that *Gates* cannot fairly be applied to this case because the warrant was issued in April 1983 and *Gates* was not decided until June 1983. We disagree.

Although we have found no Georgia cases expressly addressing the issue of whether *Gates* may be applied retroactively, we have found a federal case which contains reasoning we find compelling. In *United States v. Mendoza*, 727 F2d 448 (5th Cir. 1984), the Fifth Circuit Court of Appeals discussed the standards by which retroactivity is to be determined and decided that since *Gates* "did not announce an entirely new and unanticipated principle of law" (id. at 449), it

was properly applicable to all cases still pending. We adopt that reasoning and hold that the trial court was correct in determining the validity of the search warrant under the totality of the circumstances.

4. The trial court's refusal to compel disclosure of the identity of the informant in this case is enumerated as error. The evidence shows that the source of the information which led to the search warrant was neither a decoy nor a participant in any transaction involving the defendants and law enforcement officers. The trial court was authorized to find that the informant was a mere tipster and that the identity of the informant was, therefore, privileged. *Montford v. State,* supra, Division 2.

5. Appellant Smith's final enumeration of error is that the trial court erred in denying her motion for a directed verdict of acquittal because the evidence showed that others had equal access to the drugs found in her apartment. Although drugs were found in other parts of the apartment, a large quantity of cocaine as well as other drugs and paraphernalia were found in Smith's bedroom. Furthermore, she attempted to flee when police officers arrived to execute the search warrant. That evidence was sufficient to authorize a rational trier of fact reasonably to conclude that Smith was guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hill v. State,* 164 Ga. App. 564 (298 SE2d 286) (1982); *Pamplin v. State,* 164 Ga. App. 610 (1) (298 SE2d 622) (1982).

*Judgments affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1985.

Charles Clark, *pro se.*
*Kenneth D. Feldman,* for appellant (case nos. 69353, 69462).
*Michael E. Bergin,* for appellant (case no. 69546).
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, D. Chris Jensen, Jr., Assistant District Attorneys,* for appellee.