## 73545. TURNER v. THE STATE.
(353 SE2d 13)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of aggravated battery. He appeals from the judgment of conviction and sentence entered on the jury's verdict.

Appellant's sole enumeration of error concerns the admission, over objection, of two exhibits tendered into evidence by the State. Each of the exhibits was a photograph of the victim and showed a cut running from the outside corner of his eye, down and across his cheek past the corner of his mouth, and ending at his chin. Each photograph was identified by the victim as being a true and accurate representation of what it purported to depict, that being the injury that was inflicted by appellant. At trial, appellant objected to the admission of the photographs on the ground that "[n]o foundation has been laid as to who took the pictures or how they were developed or anything else. . . ." On appeal, appellant enumerates as error the admission of the photographs of the victim's face, contending that they were admitted "without proper foundation and [that they were] introduced to inflame and infuriate the jury."

"Before a photograph may be introduced in evidence, it must be authenticated by a showing that it is a fair and truthful representation of what it purports to depict. [Cit.] 'The quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court. [Cits.]' [Cit.]" *Williams v. State*, 174 Ga. App. 56, 57 (2) (329 SE2d 226) (1985). The victim's authentication of the photographs in the instant case as true and accurate depictions of his injury was sufficient. "Contrary to the appellant's contention, the photographer's testimony was not required. [Cit.]" *Morris v. State*, 147 Ga. App. 595 (2) (249 SE2d 668) (1978).

The contention that the photographs were inflammatory was ap-

parently not raised below and was, therefore, not preserved for appellate review. Nevertheless, it is clear that " '[a] photograph which shows mutilation of a victim resulting from the crime against him may, however gruesome, have relevance to the trial of his alleged assailant.' [Cits.]" *Lewis v. State*, 180 Ga. App. 369, 370 (2) (349 SE2d 257) (1986). Appellant was charged with aggravated battery "by seriously disfiguring [the victim's] body by cutting [his] face with a sharp object. . . ." The photographs were clearly relevant to the issue of the victim's disfigurement. Accordingly, even assuming that an objection predicated upon the inflammatory nature of the photographs had been preserved, there was no error.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 15, 1987.

*Charles A. Thomas, Jr.,* for appellant.

*William A. Foster III, District Attorney, Jeffrey L. Ballew, Assistant District Attorney,* for appellee.