## 77667. EVANS v. THE STATE.
### (378 SE2d 903)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of the offenses of driving after having been declared an habitual violator and driving under the influence of alcohol. He appeals from the judgments of conviction and sentences entered on the jury's verdicts.

1. Appellant enumerates the general grounds as to his conviction for driving under the influence. He urges that the State made no showing that, as the result of his intoxicated state, he was a less safe driver than he otherwise would have been. See *Cook v. State*, 220 Ga. 463, 465 (2) (139 SE2d 383) (1964).

A review of the record shows that, at the time appellant was stopped by the arresting officer, he was unable to recite the letters of the alphabet and the officer detected a strong odor of alcohol. At trial, appellant admitted that he was drunk at the time that he was stopped. "This evidence was sufficient to submit to the jury to determine whether defendant . . . was less safe than he would have been had he not been affected by alcohol. [Cits.] The record reflects that a rational trier of fact could reasonably have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); [Cit.]" *Howell v. State*, 179 Ga. App. 632, 634 (1) (347 SE2d 358) (1986). See also *Bass v. State*, 185 Ga. App. 666 (1) (365 SE2d 509) (1988); *Clark v. State*, 178 Ga. App. 47, 48 (3) (341 SE2d 909) (1986); *Fredericks v. State*, 176 Ga. App. 40, 41 (1) (335 SE2d 154) (1985).

2. Appellant enumerates as error the denials of his numerous motions for mistrial based on alleged prosecutorial misconduct.

In one of the cited instances, appellant objected to a question which had been propounded by the State and the trial court sustained the objection. No motion for a mistrial and no request for curative instructions were made. "If . . . [an] objection to the State's [question] is sustained, the objection will not authorize defense counsel to assert on appeal that the trial court erred in failing to take any *additional, unrequested* curative actions. '[I]t is well-settled that a sustained objection to [an] improper [question] of counsel cannot serve as the basis for reversal unless it is contemporaneous with a denied motion for mistrial, denied request to strike or denied request for curative instructions . . . [Cits.]' [Cit.]" (Emphasis in original.) *Hall v. State*, 180 Ga. App. 881, 883 (3) (350 SE2d 801) (1986). See also *Rogers v. State*, 185 Ga. App. 211, 213 (4) (363 SE2d 846) (1987).

In two of the cited instances, appellant did make a motion for mistrial which was denied. However, "[s]ince appellant failed to renew his motion[s] for mistrial after the trial court took corrective action, any objection to the denial of [the motions for] mistrial is

deemed waived. [Cit.]" *Clark v. State*, 173 Ga. App. 579, 580 (1) (327 SE2d 549) (1985).

In the remaining cited instance, appellant objected to the admission of certain evidence and in addition, moved for a mistrial. The trial court heard appellant's motion for a mistrial outside of the presence of the jury. After a colloquy between the trial court and counsel, appellant withdrew his objection to the admission of the evidence and abandoned his motion for mistrial. Accordingly, appellant is now precluded from urging on appeal that the trial court erred in failing to grant his motion for a mistrial. See generally *Hudson v. State*, 175 Ga. App. 692 (334 SE2d 20) (1985).

3. Over objection, the trial court admitted the results of appellant's intoximeter examination into evidence. Subsequently, appellant moved to strike all evidence concerning the results of his intoximeter examination. The trial court granted appellant's motion and instructed the jury to disregard any evidence concerning the results of appellant's intoximeter examination. Appellant nevertheless enumerates as error the trial court's original admission of the results of the intoximeter examination into evidence.

Even assuming that the trial court's initial ruling was erroneous, any error was corrected when the trial court subsequently granted appellant's motion to strike and instructed the jury to disregard the evidence. Appellant cannot now contend that the granting of his motion to strike was insufficient to cure any prejudicial effect caused by the initial admission of the test results. " 'In no case will the trial judge's ruling be reversed for not going *further* than requested.' [Cit.]" (Emphasis in original.) *Hall v. State*, supra at 883 (3).

4. At the pre-sentencing hearing, the trial court, over objection, admitted into evidence a certified copy of appellant's driving record from the Department of Public Safety. Appellant enumerates the trial court's admission of this document as error, urging that it was not properly authenticated and that the State did not notify him prior to trial of its intent to introduce this evidence in aggravation. See OCGA § 17-10-2.

The record reveals that the Department of Public Safety records were properly authenticated and unaltered. As to the notification requirement, the record shows that appellant was given notice a week prior to trial that the State intended to introduce evidence of several of his prior convictions for the offense of driving while under the influence of alcohol. Under these circumstances, the trial court's admission into evidence of appellant's driving record was not error. See generally *Niehaus v. State*, 149 Ga. App. 575, 576 (1) (254 SE2d 895) (1979); *Todd v. State*, 189 Ga. App. 538 (1) (376 SE2d 917) (1988).

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

Decided February 14, 1989.

*Linda B. Borsky*, for appellant.
*Thomas J. Charron*, District Attorney, *Frank R. Cox, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.