## A89A1706. ROSS v. THE STATE.
(386 SE2d 721)

BANKE, Presiding Judge.

Ross appeals his conviction of driving while under the influence of alcohol. See generally OCGA §§ 40-6-391 (a) (1) and (4).

The arresting officer testified that he stopped the appellant's vehicle because it passed his marked patrol car doing 70 miles per hour in a 55-mile-per-hour zone and because it was drifting outside its lane of traffic. Upon approaching the vehicle and asking the appellant to produce his driver's license, the officer detected a strong smell of alcohol emanating from inside the vehicle and observed that the appellant's eyes had a glazed appearance. The officer thereafter asked the appellant to perform certain field sobriety test exercises. Based on the manner in which the appellant performed these exercises, on the slightly slurred nature of his speech, and on his volunteered admission that he had consumed a "few drinks," the officer thereupon arrested the appellant for driving under the influence of alcohol. A subsequently administered intoximeter test revealed the appellant's blood-alcohol level to be .13 grams percent. *Held*:

1. Citing *Frye v. United States*, 293 F 1013 (D.C. Cir. 1923), the appellant contends that the trial court erred in admitting the officer's testimony concerning the appellant's performance on one of the field sobriety tests—specifically, the horizontal gaze nystagmus evaluation (HGN)—because that test was not shown to be an accepted scientific procedure. Initially, we observe that the *Frye* rule of "counting heads" in the scientific community to determine the validity of a scientific procedure was rejected in *Harper v. State*, 249 Ga. 519 (1) (292 SE2d 389) (1982), wherein the Georgia Supreme Court held that the appropriate approach is for the trial court to decide whether the procedure in question has reached a stage of verifiable certainty. In any event, it is evident that the HGN evaluation was only one of a series of observations which caused the officer to form the belief that the appellant was under the influence of alcohol. In the context of the overwhelming evidence of guilt in this case, the admission of the testimony in question must be considered harmless.

2. The appellant contends that the trial court erred in admitting the results of his intoximeter test for the reason that the state failed to produce certain computer data upon which the test was based in compliance with his notice to produce filed pursuant to OCGA § 24-10-26. This Code section applies only to material which is " 'in the possession, custody or control of another party. . . .' " It has been previously held that materials of the type at issue here are "not the types of items reasonably expected to be found in the 'custody' of the solicitor preparing the case against appellant. . . ." *Fletcher v. State*, 157 Ga. App. 707, (3) (278 SE2d 444) (1981). Accord *Calloway v.*

*State*, 191 Ga. App. 383 (381 SE2d 598) (1989). As there was no showing that the requested material was in fact in the possession of the state's attorney, it follows that this enumeration of error is without merit. See also *Hicks v. State*, 232 Ga. 393 (207 SE2d 30) (1974).

3. The appellant contends that the trial court erred in failing to give his requested jury charge on impeachment. Although the trial court did not charge in the language requested by the appellant, the charge given covered substantially the same principles. Consequently, this enumeration of error is also without merit. See *Kelly v. State*, 241 Ga. 190, 191-192 (243 SE2d 857) (1978).

4. The appellant contends that the trial court erred in refusing to instruct the jury that if breath test results are subject to a margin of error, then the defendant must be given the benefit of that margin of error. The court correctly and adequately charged the jury on the burden of proof, the presumption of innocence, and the presumptions created by OCGA § 40-6-392 (b). Assuming arguendo that the failure to give the requested charge was error, "we find that it is highly probable that any error in the charge did not contribute to the judgment in this case, and thus any such error was harmless. [Cit.]" *Barton v. State*, 188 Ga. App. 237, 238 (372 SE2d 647) (1988).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 19, 1989.

*Turner & Lennard, Donald C. Turner*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Neal R. Bevans, Ann M. Elmore, Assistant Solicitors*, for appellee.