## A90A0294. TEAGUE v. THE STATE.
(393 SE2d 478)

Sognier, Judge.

Leeman Ambrose Teague appeals from his conviction of driving under the influence of alcohol.

1. Appellant contends the trial court abused its discretion by failing to grant appellant a new trial based on the trial court's refusal to entertain testimony from a witness appellant had planned to but did not call at trial. The trial transcript supports the trial court's finding in the hearing on appellant's motion for new trial that appellant made no proffer of the witness' testimony at trial and declined the trial court's suggestion he ask for a continuance until the witness could be made available.

"Motions for a new trial on the ground of newly discovered evidence are not favored. All applications for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and unless it affirmatively appears that he has abused his discretion in overruling the same, his discretion will not be controlled. [Cits.] It must appear that the evidence itself is newly discovered. . . . [Cits.]" *Kitchens v. State*, 228 Ga. 624, 626-627 (4) (187 SE2d 268) (1972). Since the trial transcript reveals that the evidence appellant sought to introduce at the hearing was not newly discovered, we find no abuse of the trial court's discretion here. See generally id. at 627.

2. Appellant enumerates the general grounds, arguing the State failed to prove that he was under the influence of alcohol to a degree which rendered him a less safe driver. See *Peters v. State*, 175 Ga. App. 463-464 (1) (333 SE2d 436) (1985). Construed to uphold the verdict, evidence was adduced that Officer Dwight Sanford of the Ellijay Police Department followed appellant after observing that appellant's car did not have proper taillights. Sanford testified that after he saw appellant's car veer to the wrong side of the road he activated the police vehicle's blue lights. Appellant did not stop but instead turned onto another road, proceeded down that road straddling the centerline, then turned onto a third road, still on the wrong side, before stopping his vehicle. Sanford testified appellant had difficulty locating his driver's license and proof of insurance and admitted having been drinking. Sanford noted that appellant was very unsteady on his feet, had to hold onto the car door in order to stand, and smelled strongly of alcohol. Sanford testified he did not conduct a field sobriety test because he felt it would be unsafe for appellant in the condition he was in. During an inventory search of appellant's vehicle Sanford found a 12-ounce cup less than half full of whiskey. Sanford testified that appellant was informed of his implied consent rights but refused to submit to any testing.

" 'This evidence was sufficient to submit to the jury to determine whether [appellant] . . . was less safe than he would have been had he not been affected by alcohol. (Cits.) The record reflects that a rational trier of fact could reasonably have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); (Cit.)' [Cits.]" *Evans v. State*, 190 Ga. App. 302 (1) (378 SE2d 903) (1989).

3. " 'This court will not review for legal error any sentence which is within the statutory limits — as in the instant case.' [Cits.]" *Branch v. State*, 182 Ga. App. 818, 820 (357 SE2d 136) (1987).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 3, 1990.

*Weaver & Weaver, George W. Weaver*, for appellant.
*Roger G. Queen, District Attorney*, for appellee.