## A91A0640. JONES v. THE STATE.
(409 SE2d 251)

POPE, Judge.

Defendant Murray Edwin Jones appeals his conviction following a bench trial for the offense of driving under the influence of alcohol. We affirm.

1. Defendant first argues the trial court erred in denying his motion to suppress the evidence against him because it was obtained as a result of an illegal stop. The officer who arrested defendant on suspicion of DUI testified he pulled the defendant's vehicle over after observing him hesitate after the left turn signal for the lane in which he was traveling turned green. Defendant's vehicle was in the inside lane of two left turn lanes. Once he proceeded to make the left turn, defendant swerved right into the outside turn lane and then overcorrected, swerved left and crossed the centerline of the road. The officer's decision to stop defendant was based on his erratic driving. "The stop of a vehicle is authorized, and not pretextual, if the officer observed a traffic offense. *O'Keefe v. State*, 189 Ga. App. 519 (1) (376 SE2d 406) (1988); see also *Hartley v. State*, 159 Ga. App. 157 (1) (282 SE2d 684) (1981)." *Gossett v. State*, 199 Ga. App. 286 (404 SE2d 585) (1991). Thus, the trial court did not err in denying defendant's motion to suppress.

2. The trial court did not find defendant guilty on the count of the accusation charging him with having an illegal blood alcohol level but expressly ruled that defendant was found guilty only on the count charging him with being intoxicated to the extent that he was a less safe driver. Thus, even if the trial court erred in admitting evidence of his alcohol concentration level it was harmless error.

3. Finally, defendant argues the trial court erred in admitting evidence of the arresting officer's horizontal gaze nystagmus evaluation upon the defendant. The officer also testified that defendant failed several other field sobriety tests. "[I]t is evident that the [horizontal gaze nystagmus] evaluation was only one of a series of observations [the evidence of which supports the verdict that defendant was a less safe driver]. In the context of the overwhelming evidence of guilt in this case, the admission of the testimony in question must be considered harmless." *Ross v. State*, 192 Ga. App. 850 (1) (386 SE2d 721) (1989).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

### ON MOTION FOR RECONSIDERATION.

One of the grounds for defendant's motion to suppress was that he was denied the right to the independent chemical test of his choice. The record shows he requested a urine test but the arresting

officer who transported him to the hospital for an independent test erroneously informed him that only a blood test would measure alcohol concentration and that a urine test was not appropriate. Defendant then ordered and was administered a blood test. When defendant returned to the police station for further processing, he again requested a urine test. The officer understood that defendant had the funds to pay for an additional test, but apparently he was denied the opportunity to obtain one. In Division 2 of the opinion we ruled that even if the State's evidence of his blood alcohol level should have been excluded for failure to allow him the independent chemical test of his choice, the admission was harmless error because defendant was not convicted on the charge of having an illegal blood alcohol level. On motion for reconsideration defendant argues that because he was denied the right to an independent test of his choice, the trial court erred in admitting even that evidence which related to the charge that he was a less safe driver, because he was denied his right of due process to establish potentially exculpatory evidence that he was presumptively not intoxicated pursuant to OCGA § 40-6-392 (b) (1).

OCGA § 40-6-392 (b) (1) creates a statutory presumption that an individual whose alcohol concentration level is 0.05 grams or less is "not under the influence of alcohol, as prohibited by [the less safe driver paragraph] . . . of Code Section 40-6-391." Thus, we agree with defendant that, separate and apart from the statutory right, created by OCGA § 40-6-392 (a), to an independent test when the State administers an alcohol concentration test, a defendant in a DUI case has a due process right to establish potentially exculpatory evidence if he requests an independent chemical test. The only meaningful time for obtaining such evidence is at the time of arrest. See *Nelson v. State*, 135 Ga. App. 212 (217 SE2d 450) (1975). While it may be true that a defendant is denied his statutory right to "a chemical test or tests" if he is not permitted to order the test of his choice, we cannot say his due process rights are denied if he is not permitted to order the test of his choice, so long as he is provided the opportunity to establish potentially exculpatory evidence by a competent and approved method.

The record in this case shows defendant was taken to a hospital where he ordered and was administered a blood alcohol concentration test. Thus, he was afforded the opportunity to establish potentially exculpatory evidence. Under these circumstances, even if he was wrongly prevented from obtaining another type of chemical test he was not deprived of his due process rights.

*Motion for reconsideration denied.*

DECIDED JULY 1, 1991 —
RECONSIDERATION DENIED JULY 25, 1991 —

*Awtrey & Parker, J. Lynn Rainey,* for appellant.
*Patrick H. Head, Solicitor, Robin M. Smith, Beverly M. Hartung, Assistant Solicitors,* for appellee.