A91A0252. MATTAROCHIA v. THE STATE.
(409 SE2d 546)

COOPER, Judge.

Appellant was convicted in a jury trial of driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)) and driving with a blood alcohol concentration greater than 0.12 grams (OCGA § 40-6-391 (a) (4)), and appeals the denial of his motion for new trial and motion for modification of sentence.

Viewing the evidence in the light most favorable to the jury's verdict, it appears that while responding to a call concerning a traffic accident shortly after 6:30 a.m. on July 13, 1989, Officer Britt of the Atlanta Police Department was flagged down by appellant en route to the reported site of the accident. Appellant said that he had been in an accident and had run off the roadway. Officer Britt testified that as appellant approached the car, he detected a strong odor of alcohol on appellant's breath and noticed that appellant was unsteady on his feet; his eyes had a glassy appearance, and his speech was slurred. Appellant got into the patrol car and directed Officer Britt to the accident site, which was approximately one-eighth of a mile away. At the site, Officer Britt discovered skid marks on the roadway and tire tracks in the dirt which led to a car which had been driven over the curb, into the grass of a city park and was resting against a tree on its right side. Officer Britt observed that the radiator was warm and the engine was steaming. Appellant, still seated in the patrol car, was then placed under arrest and was advised of his rights, including implied consent warnings pursuant to OCGA § 40-5-55. No field sobriety test was given; however, appellant consented to a blood test. At trial, the parties stipulated that appellant's blood alcohol level at the time of testing was 0.12 grams.

1. At the outset we will consider appellant's various contentions

that the trial court erred in its rulings on the sufficiency and adequacy of the accusation and jurisdictional questions. Appellant argues that this case was improperly bound over to the State Court of DeKalb County from the City Court of Atlanta because the citations issued by Officer Britt indicated that appellant was cited for violating local offenses and appellant did not elect to have the offenses treated as state offenses pursuant to OCGA § 40-6-376 (b). This contention is without merit. The solicitor's decision to charge appellant with state violations was duly authorized by OCGA § 40-6-376 (a). Appellant's contention that the accusation and an amended accusation were improper because they were drawn more broadly than the citations is likewise without merit. See *Manning v. State*, 175 Ga. App. 738 (2) (334 SE2d 338) (1985). Appellant's remaining arguments that the trial court was without jurisdiction to hear the case and that the traffic citations must serve as notice of the charges, due to the solicitor's failure to file the accusations with the court, will not be considered as they were not raised as error below. *Hight v. State*, 195 Ga. App. 727 (6) (394 SE2d 636) (1990). Moreover, it appears any objection to the amended accusation was waived by appellant's counsel's consent to the amended accusation before the trial commenced.

2. Appellant enumerates as error the trial court's denial of his motion to suppress statements allegedly made by appellant which were requested by the defense prior to trial pursuant to OCGA § 17-7-210 and were not provided by the State. Specifically, appellant complains of the admission of Officer Britt's testimony regarding appellant's statement to him that appellant drove the car off the road. OCGA § 17-7-210 (a) requires the State to provide a defendant with copies of any statements given while in police custody. Inasmuch as the statement of which appellant complains was not made while in police custody and appellant can point to no other statements made while in police custody which the State failed to produce, the trial court did not err in denying appellant's motion to suppress under OCGA § 17-7-210 or on the various assorted constitutional grounds asserted by appellant relative to improper custodial interrogation.

3. Appellant contends the trial court erred in denying his motions for directed verdict and new trial, asserting the general grounds. Appellant maintains that Officer Britt did not see the vehicle in motion, did not see appellant in the car, did not witness the accident and did not establish the time the accident occurred; nor did anyone else witness the accident. Moreover, despite the stipulation, appellant contends the State did not establish that his intoxication level was 0.12 grams during the time he had physical control of the vehicle, and as a result of these deficiencies, there was insufficient evidence that appellant operated the vehicle under the influence of alcohol.

"Appellant is correct that to be guilty of the offense of driving

under the influence one must drive or be in actual physical control of a moving vehicle while under the influence of alcohol. [Cit.] However, ' "(i)t is well settled that the driving of an automobile while intoxicated may be shown by circumstantial evidence." (Cits.)' [Cit.] ' "In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt." (Cit.)' [Cit.]" *Johnson v. State*, 194 Ga. App. 501 (1) (391 SE2d 132) (1990).

Appellant's argument with regard to the insufficiency of the circumstantial evidence totally belies his admission to Officer Britt that he drove the car off the road and his stipulation to the blood test results. These admissions together with the direct evidence provided by Officer Britt describing appellant's demeanor and the additional circumstantial evidence adduced at trial amply justified a finding by the jury that appellant was in actual physical control of the vehicle when it was driven off the road and that appellant was intoxicated while driving in accordance with the conviction of OCGA § 40-6-391 (a) (1) beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

It is also urged that because Officer Britt indicated on the traffic citation that the incident occurred in the City of Atlanta, Fulton County, that proper venue was not established at trial; however, Officer Britt's testimony at trial that the accident occurred in the City of Atlanta, DeKalb County went unchallenged. Thus, venue in DeKalb State Court was properly established beyond a reasonable doubt. See *Beard v. State*, 193 Ga. App. 877 (1) (389 SE2d 384) (1989).

It is unnecessary for us to consider the sufficiency of the evidence with respect to the conviction under OCGA § 40-6-391 (a) (4) because convictions cannot be entered on both DUI charges predicated on the same conduct, and the evidence was sufficient to sustain the conviction on one of the charges. *Sanders v. State*, 176 Ga. App. 869 (4) (338 SE2d 5) (1985); *Love v. State*, 195 Ga. App. 392 (1) (393 SE2d 520) (1990).

4. Appellant next charges that the admission of the mug shot, taken when he was booked, was without proper foundation, resulting in prejudice far outweighing any probative value. " 'Before a photograph may be introduced in evidence, it must be authenticated by a showing that it is a fair and truthful representation of what it purports to depict. (Cit.) "The quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court. (Cits.)" (Cit.)' [Cit.]" *Turner v. State*, 181 Ga. App. 531 (353 SE2d 13) (1987). The mug shot was identified by Of-

ficer Britt as fairly and accurately representing appellant's appearance on the morning of his arrest. Appellant's objections to the photograph at trial asserted lack of foundation and relevance. This court has upheld the admission of mug shots to "illustrate [a] defendant's physical appearance shortly after his arrest" in cases in which an incident of driving under the influence is being re-created for the jury and the defendant's appearance is "some evidence" of his intoxication. *Farmer v. State*, 180 Ga. App. 720 (2) (350 SE2d 583) (1986). The photograph was clearly relevant to the issue of appellant's intoxication, and the court did not err in allowing its admission. The trial transcript does not reflect that appellant's contentions — that the photograph was inflammatory, put his character in issue and deprived him of the presumption of innocence — were raised below. Hence, they were not preserved for appellate review and will not be considered by this court. See *Norman v. State*, 197 Ga. App. 333 (2) (398 SE2d 395) (1990).

5. (a) In his fifth enumeration of error, appellant raises various objections to the trial court's charge to the jury, including the court's omission of the three-hour requirement in its definitional charge on OCGA § 40-6-391 (a) (4). Although the omission of this essential element of the statute constituted error, it does not require reversal based on our discussion in Division 3.

(b) Appellant also argues that the court erred in defining "direct evidence." This contention is without merit, as the charge given was the definition of direct evidence set forth in OCGA § 24-1-1 (3).

(c) Appellant asserts the court erred in failing to give his requested charges on mere presence and on the failure to deny being the driver not constituting an admission. However, "the charge[s], as requested, [were] not adjusted to the evidence, [were] inappropriate, and [were] not applicable in the case sub judice. [Cits.]" *Cook v. State*, 195 Ga. App. 461, 462 (1) (394 SE2d 121) (1990).

(d) The trial court refused to give appellant's requested charges on impeachment by contradictory and prior inconsistent statements on the basis that there was no evidence to justify the charge; however, the court's instruction did include a charge on the credibility of witnesses. "Although the trial court did not charge in the language requested by the appellant, the charge given covered substantially the same principles." *Ross v. State*, 192 Ga. App. 850, 851 (3) (386 SE2d 721) (1989).

(e) Appellant also complains that the trial court erred in charging, as requested by the State, that "it is not necessary for the State to show that the accused was drunk. It is sufficient if the State shows, beyond a reasonable doubt, that the accused was under the influence of alcohol as charged, to the extent that it was less safe for him to drive a car. . . ." In a single statement, appellant states that the lan-

guage was inflammatory and imprecise in the light of statutory requirements, without elaboration or citation of authority. The particular instruction, which was based on charges considered by this court in *Harper v. State*, 91 Ga. App. 456 (2) (86 SE2d 7) (1955) and *Flanders v. State*, 97 Ga. App. 779 (2) (104 SE2d 538) (1958), was a proper statement of the law under earlier statutes, and "[a]ssumming arguendo that [the court erred in giving the charge], 'we find that it is highly probable that any error in the charge did not contribute to the judgment in this case, and thus any such error was harmless. (Cit.)' [Cit.]" *Ross*, supra at Division 4.

(f) Relying on *Paul v. State*, 176 Ga. App. 524 (336 SE2d 379) (1985), in which a charge on the statutory presumptions arising from blood-alcohol test results as set forth in OCGA § 40-6-392 (b) was at issue, appellant claims that the court erred in failing to charge that presumptions in the DUI statute are rebuttable. "'[T]his court has held that where there has been no written request to charge, failure to give the charge is not error. (Cits.)' [Cits.]" *Lamb v. State*, 196 Ga. App. 665, 667 (3) (396 SE2d 497) (1990). Moreover, in view of the stipulation to the test results, in the instant case, it is apparent that the evidence in this case would not have supported such a charge.

6. Appellant next enumerates as error the trial court's consideration of evidence of prior convictions at the pre-sentence hearing without his prior knowledge. OCGA § 17-10-2 "provides that once a jury has returned a verdict of guilty in a *felony* case, the judge shall conduct a pre-sentence hearing and only such evidence in aggravation as the State has made known to the defendant prior to his trial shall be admissible. This code section applies only to felony cases, and appellant was convicted here of a misdemeanor." *Wyatt v. State*, 179 Ga. App. 327, 329 (5) (346 SE2d 387) (1986). Therefore, the court did not err in considering the prior convictions.

7. Finally, appellant contends the sentence imposed by the trial court was confusing, ambiguous and improper as a matter of law. At the end of the pre-sentence hearing, the trial judge orally pronounced that appellant was sentenced to serve 12 months and pay a $1,000 fine on Count Two. After imposing the sentence, the court explained that the sentence was the maximum which could be imposed in a one count misdemeanor sentence. The written sentence imposed the same term of confinement and amount of fine but reflected that the verdict of guilty was returned on Counts One and Two. The State makes a similar argument that the written sentence is ambiguous as it does not specify upon which count the sentence was to be served and proposes a remand to the trial court for re-sentencing.

As we recognized in Division 3, "a defendant may be *prosecuted* for multiple offenses established by the same criminal conduct, [but] he may not be *convicted* of more than one crime if the crimes charged

are the same in law or fact. [Cits.]" *Sanders*, supra at 871. Even though the court imposed a single sentence, the record indicates that the sentence applied to both DUI counts in the accusation. The sentence should reflect specifically upon which count appellant was sentenced and therefore, must be vacated, and the case remanded for resentencing on Count One — OCGA § 40-6-391 (a) (1). *Sanders*, supra at 870; *Tomlin v. State*, 184 Ga. App. 726 (3) (362 SE2d 489) (1987).

Appellant's assertion that the trial court erred in failing to conduct an evidentiary hearing in accordance with *Bearden v. Georgia*, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983) to determine his ability to pay the $1,000 fine is without merit as payment of the fine was not a condition precedent to probation, any such determination of such would be in the sole discretion of the judge pursuant to OCGA § 40-6-391 (g), and the record does not reflect that appellant requested such a determination by the court.

*Judgment affirmed as to the DUI conviction; judgment vacated as to the sentence and case remanded with direction. Birdsong, P. J., and Pope, J., concur.*

DECIDED JULY 9, 1991 —
RECONSIDERATION DENIED JULY 29, 1991 — 

*Alice C. Stewart*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Neal R. Bevans, Debra J. Blum, W. Cliff Howard, Assistant Solicitors*, for appellee.

