A93A1289. SEATS v. THE STATE.
(435 SE2d 286)

McMURRAY, Presiding Judge.

Defendant Seats appeals his conviction on two counts of driving after having been declared a habitual traffic violator, two counts of fleeing and attempting to elude a police officer, and one count each of passing on a double yellow line, speeding, and reckless driving. *Held*:

1. Defendant contends that the evidence was not sufficient to authorize his conviction. The evidence viewed in the light most favorable to upholding the verdict shows that the first of the two incidents involved occurred on March 12, 1991, when a sheriff's deputy saw defendant driving an automobile. The deputy had known defendant for a number of years and knew he had been declared a habitual traffic violator. The deputy got into his patrol car and attempted to stop defendant, but defendant fled and a chase ensued through the city streets of Social Circle. Defendant drove at speeds in excess of 70 mph and repeatedly passed cars on a double line and in the face of oncoming traffic. The officer eventually ceased pursuit due to concern that defendant would injure someone.

The second incident occurred on January 9, 1992, when the same officer was on patrol and defendant drove up alongside of him at a traffic light. Again the officer attempted to pull defendant over because he was a habitual violator, and again defendant fled. On this occasion, defendant abandoned the vehicle he was driving and fled on

foot.

While the defendant presented an alibi defense and questioned whether the officer's identification testimony was reliable, it is the task of the jury to weigh the evidence, determine credibility, and resolve conflicts in the testimony. This Court does not reweigh the evidence, but only determines whether it is legally sufficient. The evidence was sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Widner v. State*, 203 Ga. App. 823, 825 (5) (418 SE2d 105).

2. Subsequent to the commission of the offenses of which defendant is convicted, but prior to defendant's trial, the legislature amended OCGA § 15-12-165 (see Ga. L. 1992, p. 1981, § 2) so as to reduce the number of peremptory strikes available to a criminal defendant under the circumstances relevant in this case from 20 to 12. Defendant contends that the trial court's refusal, to permit him the number of peremptory strikes he would have been entitled to under the law at the time of the offenses, has the effect of rendering the statutory amendment an ex post facto law such as is prohibited by the Constitution of the United States. However, this contention is without merit as it is a matter of black letter law that the granting or withholding of peremptory challenges is solely a matter of procedure, albeit there may be no previous Georgia cases which specifically address this issue. See 16A AmJur2d, Constitutional Law, § 648 and *Haynes v. State*, 424 S2d 669, 670-672 (1).

3. Defendant also contends that the trial court erred in admitting certain similar transaction evidence. While this evidence which consisted of prior habitual violator convictions involved the use of the same car as in the offenses at issue on this appeal, and occurred in the same location, defendant urges that the prior transactions were not similar because on those prior occasions defendant did not flee. " 'There is no requirement that . . . the "other transaction" must be identical in every aspect. "The test of admissibility of evidence of other criminal acts by the defendant is not the number of similarities between the two incidents. Rather, such evidence 'may be admitted if it " 'is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . .' " ' (Cit.)" (Cit.)' (Emphasis deleted.) *Faison v. State*, 199 Ga. App. 447, 448 (1) (405 SE2d 277) (1991)." *Smith v. State*, 203 Ga. App. 3, 4 (416 SE2d 129). The requirements for admission of the similar transaction evidence were satisfied, and it was properly admitted to show bent of mind of defendant and establish his identity as the perpetrator of the offenses at issue. See also *Collins v. State*, 205 Ga. App. 341, 343 (2) (422 SE2d 56); *Blige v. State*, 205 Ga. App. 133, 134 (2) (421 SE2d 547).

4. The final enumeration of error complains of the trial court's ruling which limited the purposes for which certain photographs were admitted into evidence. The photographs showed the automobile defendant was accused of driving in both incidents. The trial court admitted the photographs as identification of the car, but would not permit consideration of them in connection with the identification issue, or whether the State's witness could in fact identify the defendant in the automobile. There was evidence that the windows of the car were tinted and defendant sought to show that it would be difficult to identify a person seated in the car with the windows rolled up. The trial court expressed concern as to what effect, if any, several variables might have upon how well the photographs portrayed the visibility of a person within the vehicle. The court questioned the depth perception of the camera lens and the quality of the image on the self-developing type film.

" ' "Before a photograph may be introduced in evidence, it must be authenticated by a showing that it is a fair and truthful representation of what it purports to depict. (Cit.) 'The quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court. (Cits.)' (Cit.)" (Cit.)' *Turner v. State*, 181 Ga. App. 531 (353 SE2d 13) (1987)." *Mattarochia v. State*, 200 Ga. App. 681, 683 (4) (409 SE2d 546).

Defendant attempted to lay a foundation for the admission of the photographs via the testimony of the owner of the car who was not the photographer, but who was seated inside the car when the pictures were taken. Although she testified that the photographs were a fair representation of the vehicle, there was no evidence as to how well the photograph duplicated the view of the human eye through the windows and into the vehicle. Thus, insofar as the photographs purported to depict the view through the windows and into the car, there was no showing that they were a fair representation of what they sought to depict. Under these circumstances we find no abuse of discretion in the trial court's limitation on the purposes for which the photographs were admitted. See *McCoy v. State*, 190 Ga. App. 258, 262 (6) (378 SE2d 888); *Turner v. State*, 181 Ga. App. 531 (353 SE2d 13); *Heard v. State*, 170 Ga. App. 130, 135 (11) (316 SE2d 504).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 20, 1993.

*Charles E. Day*, for appellant.
*Alan A. Cook, District Attorney, W. Kendall Wynne, Jr., Assis-*

*tant District Attorney*, for appellee.