#### A94A1364. SEARCY v. THE STATE.
(448 SE2d 468)

ANDREWS, Judge.

Searcy appeals from his conviction by a jury for the offense of rape.

The victim testified that she went with Searcy and his brother "to get some cocaine" but, instead, they both beat and raped her. A physician who examined the victim the night of the attack testified that she had injuries consistent with her description of the beating. Searcy's sister-in-law testified that on the night in issue Searcy came to her residence and told her he was running from the police because he and his brother had beaten the victim, made her perform oral sex, and had intercourse with her. Searcy and his brother testified that the victim offered to have sex with them if they would get her some cocaine and that, after they had consensual sex with her, she became upset when she discovered they had no cocaine and no money. They denied beating the victim. The defense also presented testimony from a witness who said she saw and heard Searcy and his brother and the victim enter the house where the victim testified the rape occurred and that all three of them appeared to be "laughing, carrying on."

1. Searcy claims the trial court erred in admitting, over his objection, hearsay testimony from his sister-in-law that he told her he was running from the police and needed to speak to his brother to find out what he was going to say. The witness was properly allowed to testify as to the statements made to her by the defendant as an exception to the hearsay rule. *Moore v. State*, 240 Ga. 210, 212 (240 SE2d 68) (1977); *Hardeman v. State*, 180 Ga. App. 632, 633-634 (349 SE2d 839) (1986).

2. There was no error in the admission of photographs of the scene of the rape taken the morning after the attack. There was testimony that they fairly and accurately depicted the scene and we find no abuse of discretion in their admission. *Seats v. State*, 210 Ga. App. 74, 76 (435 SE2d 286) (1993). Moreover, defense counsel's objection to the photographs made subsequent to their admission and after he had cross-examined the witness with respect to the photographs was untimely. *Trenor v. State*, 252 Ga. 264, 266 (313 SE2d 482) (1984).

3. Searcy contends the trial court erred in refusing to allow him to impeach a witness. After the State called the defendant's sister-in-law as a witness and rested its case, the defense also called the sister-in-law as a witness. Defense counsel asked her if she had made any statements concerning the case. She testified that she had been asked if the victim was "capable of beating herself" and that she responded, "I never had saw her beat herself." Defense counsel then called the defendant's sister and attempted to elicit testimony from her to the effect that the sister-in-law had previously said that the victim did beat herself. The State objected that defense counsel was improperly attempting to impeach the witness. The trial court sustained the objection.

As provided by OCGA § 24-9-83: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him, unless they are written statements made under oath in connection with some judicial proceedings, the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible." The alleged contradictory statement of the witness may not be proved until a foundation is laid to satisfy the statutory requirements necessary to give the witness an opportunity to explain or deny the prior contradictory statement. *Horne v. State*, 204 Ga. App. 81, 82 (418 SE2d 441) (1992); *Ranger v. State*, 249 Ga. 315, 318 (290 SE2d 63) (1982). Since the statutory requirement had not been complied with, and the witness had not been afforded an opportunity to explain or deny the statement before it was offered to impeach her, the trial court did not err in sustaining the State's objection.

4. During her direct examination by the State, the defendant's sister-in-law testified that Searcy came to her residence the night of the alleged rape and asked her if she would have sex with him and she refused. The defense made no objection and on cross-examination elicited the same testimony from the sister-in-law. On appeal, Searcy argues that this testimony improperly placed his character in issue and requires reversal of the conviction.

It is unclear whether or not this testimony placed the defendant's character in issue under the circumstances. See *Waugh v. State*, 263 Ga. 691, 692-693 (437 SE2d 297) (1993). Even if it did, since defense counsel failed to object to it and later elicited the same testimony on cross-examination, there is no merit to this enumeration. *Heard v. State*, 204 Ga. App. 757, 759 (420 SE2d 639) (1992); *Phillips v. State*, 238 Ga. 616, 617 (234 SE2d 527) (1977).

5. Searcy claims the trial court erred in permitting the jury to remain present during a defense motion for a directed verdict. After the State concluded its case, and while the jury was out of the court-

room, defense counsel stated: "I need to make an *in camera* motion prior to the proceedings commencing . . . [m]ake a motion for directed verdict." The trial court responded, "Oh, sure." The record then reflects that the proceedings were interrupted as the jury was brought back into the courtroom from a recess taken at the end of the State's case. The trial court continued: "All right [defense counsel]. You can proceed." Without further comment, defense counsel stated: "Your Honor, I'd like to make a motion for a directed verdict of acquittal on the general grounds of insufficiency of the evidence" and the trial court responded, "I'll deny your motion."

Citing *Poole v. State*, 100 Ga. App. 380, 383-384 (111 SE2d 265) (1959), Searcy contends that allowing the jury to remain during the motion was reversible error. In *Poole* the court stated: "Although merely ruling on a point of law raised by the parties does not constitute an expression of opinion of the trial court under [OCGA § 9-10-7] even though he must refer to testimony in order to make his ruling intelligible [cit.][,] nevertheless, it is very possible that the jury, being laymen, might consider the fact that the court refused to direct a verdict for one of the parties as an implication that he was of the opinion that party should not prevail. In such a case it is not necessary for the movant to show that the court's error in refusing to grant the motion to remove the jury actually entered into and influenced their verdict, but it is sufficient to show that the ruling would have been likely to produce that effect in order for it to constitute an abuse of discretion on the part of the trial court. Such a situation appears as to a defendant where, prior to making a motion for a directed verdict, he requests that the jury be withdrawn, where such request is refused, the motion is subsequently denied, and the court's judgment necessarily informs the jury that the adverse party has made out a prima facie case sufficient to sustain a conviction." Id. at 384. In *Poole*, the defendant made the motion for a directed verdict after the State rested its case and, thereafter, the defendant rested and offered no evidence. Id. at 384. The defendant advised the trial court of the motion, asked that the jury be retired, and the trial court refused to send the jury out. Id. at 383. Although *Poole* found the refusal to send the jury out for the motion was erroneous under the circumstances, the error was found harmless in light of the overwhelming evidence of guilt. Id. at 384-385.

*Poole* does not require a reversal in this case. First, it does not appear that defense counsel was required by the trial court to make the motion in the presence of the jury. Rather, the record shows that, while the jury was out of the courtroom, defense counsel informed the trial court he desired to make a motion for directed verdict, in camera, and the trial court indicated he could proceed in the absence of the jury. Immediately thereafter, the proceedings were interrupted

when the jury was brought back into the courtroom from a ten minute recess that commenced after the State rested. After the jury returned, it appears the trial court did no more than offer defense counsel the opportunity to proceed in the jury's presence, without requiring him to do so. At no point did defense counsel make a request that the trial court remove the jury from the courtroom. Absent such a request, and a refusal by the trial court to exclude the jury, there is no cause for reversal. *Clark v. State*, 173 Ga. App. 579, 580 (327 SE2d 549) (1985); *Poole*, supra at 383-385. Second, there was no discussion of the issues in the course of the present motion. The motion was simply made and denied without elaboration. Even if the trial court had refused a request to exclude the jury during the motion, no abuse of discretion justifying reversal was shown. It was unlikely that hearing the motion and its denial would have implied to the jury that the trial court believed the defendant was guilty and highly probable that it did not influence the jury's verdict. *Poole*, supra at 384; *Johnson v. State*, 238 Ga. 59, 60-62 (230 SE2d 869) (1976); see *Clark*, supra at 580.

6. Searcy contends the trial court erred in failing to give a charge on direct and circumstantial evidence. Since the State's case was based on both direct and circumstantial evidence, Searcy was entitled to a charge on circumstantial evidence, if requested. *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991). Although Searcy contends in his appellate brief that he requested a charge on circumstantial evidence, this assertion is not supported by any citation to the record and we find nothing in the record to indicate that such a request was made. In the absence of a request to charge, we find no error. *Barner v. State*, 263 Ga. 365, 366 (434 SE2d 484) (1993). No request was made for a charge defining direct evidence. In the absence of any such request, the failure to so charge was not error. *Anthony v. State*, 112 Ga. App. 444, 445 (145 SE2d 657) (1965).

7. There is no merit to Searcy's contention that the State introduced irrelevant and prejudicial evidence which rendered it impossible to determine the sufficiency of the evidence on appeal. See Divisions 1, 2 and 4, supra. The evidence was sufficient for a rational trier of fact to find Searcy guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED AUGUST 15, 1994 —
RECONSIDERATION DENIED SEPTEMBER 12, 1994.

*Adams & Adams, W. Allen Adams, Jr.,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Mark M. Irvin, As-*

*sistant District Attorney,* for appellee.