## A96A2442. JORDAN v. THE STATE.
### (480 SE2d 228)

BLACKBURN, Judge.

Willie James Jordan appeals his conviction following a jury trial of theft by taking, OCGA § 16-8-2, challenging the sufficiency of the evidence. After reviewing the evidence in a light most favorable to the verdict, the evidence is sufficient, and the judgment is affirmed. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A review of the evidence shows that on the subject date, a plain-clothes police officer saw two men stooping inside a 1981 Pontiac Grand Prix parked in a movie theater lot at night. A third man, later identified as Jordan, was standing close to the car, looking around nervously. When the first two men drove off in another car, Jordan entered the Grand Prix and drove away behind them. The officer and his partner followed Jordan down Interstate 20 and onto surface streets. When he discovered someone was pursuing him, Jordan ran the car into a fence and fled on foot into a residential area. The officer chased Jordan between houses until he finally caught the sweating, heavily-breathing defendant. The owner of the Pontiac Jordan had been driving identified it as his and confirmed it had been stolen.

Once caught, Jordan claimed he had just come from his nearby home and was chasing someone himself. Jordan's alibi witnesses — his grandmother and an uncle by marriage — testified Jordan was at home all night and had taken a shower just before he heard a noise and ran out of the house, thinking someone was breaking into his own car. The uncle, however, testified Jordan was wearing no shirt, no shoes, and dark shorts when he left the house. The officer found Jordan wearing shoes and a light-colored shirt and pants. The policeman was positive Jordan was the same man he saw in the movie theater parking lot.

While there was additional evidence which supports the verdict, it is unnecessary to outline it all here, as the outlined evidence was sufficient to allow a fair and impartial jury to find Jordan guilty beyond a reasonable doubt of theft by taking.

"While the defendant presented an alibi defense and questioned whether the officer's identification testimony was reliable, it is the task of the jury to weigh the evidence, determine credibility, and

resolve conflicts in the testimony. This Court does not reweigh the evidence, but only determines whether it is legally sufficient." *Seats v. State*, 210 Ga. App. 74, 75 (1) (435 SE2d 286) (1993); see also *Slaughter v. State*, 217 Ga. App. 449, 450 (1) (459 SE2d 168) (1995) (jury authorized to reject alibi evidence). The value of the vehicle was not a material element of the offense, *Stancell v. State*, 146 Ga. App. 773 (2) (247 SE2d 587) (1978), but proof that the item stolen was an automobile is sufficient to support Jordan's felony sentence for the offense of theft by taking. See OCGA § 16-8-12 (a) (4) (A).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED DECEMBER 31, 1996.

*James D. Michael*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, James M. McDaniel, Assistant District Attorneys*, for appellee.