A97A0271. SMITH v. THE STATE.
(485 SE2d 538)

Judge Harold R. Banke.

James Bernard Smith was convicted of possession of marijuana with intent to distribute and criminal trespass.[1] In his sole enumeration of error, he challenges the sufficiency of the evidence supporting both charges.

The evidence, viewed in the light most favorable to the verdict, reveals the following. *Price v. State,* 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996). This case arose after the victim's neighbor heard someone breaking into the apartment next door around 10:30 p.m. After hearing the door open, she looked out the peephole in her door and saw a shirtless black man of medium to heavy build with a bluish towel wrapped around his head walking quickly down the stairs to the parking lot. He was carrying something white in his arms. The neighbor called the police. She reported her observations and described her view of the parking lot, where she saw a man matching the description she had given sitting in an older blue Honda with the door propped open.

The police arrived within two or three minutes, knocked on the car's dark tinted window, and discovered a reclining shirtless black male who was later identified as Smith. When asked what he was doing there, Smith responded that he was meeting a man named Neil. After officers ran Smith's tag and discovered that the decal was stolen, they arrested him.

One of the officers investigated the victim's apartment and discovered that the door had been chiseled open, with fresh wooden chips scattered on the floor. When officers asked Smith about the break in, he gave them the victim's name (which was not Neil) and telephone number and stated they were supposed to meet that evening. Eventually the victim was reached at that number and summoned home.

When the officers initially searched the car, they discovered a hammer, a screwdriver, a large bluish towel, and what appeared to be an unopened can of beer. Smith subsequently gave written consent to search the car. During this second search, detectives discovered a

---

[1] Smith was charged with burglary, but convicted of criminal trespass as a lesser included offense.

small electronic scale in a case with a razor blade behind the sun visor, a mirror in the back seat, a television remote control on the floor board, numerous small plastic baggies, and a white teddy bear. After a closer look at the beer can, the detectives realized it had a false top. Inside, they found three clear plastic baggies containing a total of 1.5 grams of marijuana. When the victim arrived later, he identified the towel, the remote control and the bear as his. Smith denied knowledge of the marijuana and stated that the scales belonged to a friend. *Held*:

1. The evidence was sufficient to allow the jury to find all the essential elements of the misdemeanor of criminal trespass. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-7-21 (b), (c). That crime requires proof of the knowing entry without authority into the premises of another for an unlawful purpose. OCGA § 16-7-21 (b) (1). The evidence that the door was chiseled open, a man matching Smith's description left the building shortly thereafter, and chiseling tools and the victim's belongings were found in Smith's car is sufficient to satisfy *Jackson v. Virginia*.

2. Whether the evidence was sufficient to support the drug charge presents a more problematic question due to the minimal amount of marijuana seized. The State is required to prove more than mere possession to support a conviction for possession of contraband with intent to distribute. *Dyer v. State*, 218 Ga. App. 879 (1) (463 SE2d 718) (1995). In other cases, the State has satisfied this burden with such indicia of intent to distribute as scales, plastic bags, and the fact that the contraband was stored in a number of small packages. *Williams v. State*, 199 Ga. App. 544 (1) (405 SE2d 539) (1991); *Wright v. State*, 154 Ga. App. 400, 401-402 (1) (268 SE2d 378) (1980).

Here, the evidence supporting the charge consisted of numerous baggies, scales, and the three small bags of marijuana containing a total of 1.5 grams. On cross-examination, one of the officers testified that the marijuana was packaged in what were commonly called nickel bags, meaning each bag sold on the street for $5. This testimony provided evidence that although the amount of marijuana was small, it had been packaged for sale. This testimony augmented the State's contention that the number of baggies containing marijuana provided evidence of Smith's intent to distribute. Although the officer was not qualified as an expert on drug matters and in fact admitted that his specialty was car theft, the defense elicited this testimony and did not object to it. See *Searcy v. State*, 214 Ga. App. 620, 621 (4) (448 SE2d 468) (1994); compare *Stephens v. State*, 219 Ga. App. 881, 882 (1) (467 SE2d 201) (1996) (physical precedent only). Thus, this testimony is not open to attack on appeal. *Harper v. State*, 249 Ga. 519, 532-533 (10) (292 SE2d 389) (1982).

This evidence, viewed in a light most favorable to the verdict, would permit the jury to find each essential element of the crime. *Jackson v. Virginia*, 443 U. S. at 319-320. After proper instruction, the jury rejected the option of convicting on the lesser included offense of simple possession. Because we are not authorized to reweigh the evidence and Smith no longer enjoys a presumption of innocence, we must affirm. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED MARCH 26, 1997 —
RECONSIDERATION DENIED APRIL 10, 1997.
Before Judge Gaines.
*McArthur & McArthur, John J. McArthur,* for appellant.
*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney,* for appellee.