## A98A2412. LEE v. THE STATE.
(511 SE2d 238)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of having an alcohol concentration of .10 grams or more within three hours of being in actual physical control of a moving vehicle. At trial, Deputy Ronnie Harlow of the Houston County Sheriff's Department testified that, while patrolling at 9:54 p.m. on January 17, 1997, he observed an idling truck stopped in a driveway near the side of the road. Deputy Harlow testified that he saw defendant on the other side of the truck and that he noticed defendant standing next to a man who was

hunkered down sick on his knees. The deputy explained that he asked defendant if she needed help and that defendant told him "that she was driving her husband home from a local bar, that he had got sick and wanted to stop to throw up." Deputy Harlow testified that he then summoned an officer trained to conduct alcohol-related traffic stops because he detected the odor of alcohol emanating from defendant.

Deputy Mark A. Tinney of the Houston County Sheriff's Department testified that he arrived at the scene about ten or fifteen minutes after Deputy Harlow arrived at the scene; that he also detected the odor of alcohol emanating from defendant and that defendant admitted to him "that she had drove [sic] her husband to this location after picking him up from a local establishment earlier." Deputy Tinney testified that defendant failed several field sobriety tests; that defendant submitted to two state administered breath tests about an hour and 15 minutes after Deputy Harlow first arrived at the scene and that these tests revealed that defendant's blood alcohol concentration then exceeded .10 grams.

Defendant filed this appeal after the denial of her motion for new trial. *Held*:

1. Defendant's first enumeration of error contends as follows: "The trial court erred in allowing the State to introduce evidence that [defendant] had admitted the use of alcohol, where she had been given no Miranda warnings and the circumstances clearly indicate that the admission was made while she was in custody." This contention is not supported by the trial transcript.

After examining the page in the trial transcript which defendant gives in support of this enumeration of error as well as the trial testimony of the State's witnesses, we find no evidence indicating that defendant admitted to consuming alcohol before or after her arrest. Deputy Harlow's and Deputy Tinney's trial testimony indicates that defendant only admitted to picking her husband up at a local drinking establishment and driving him to the scene of the traffic stop. We have no jurisdiction to consider the propriety of the State's use of these admissions at trial because they are not a part of defendant's first enumeration of error. See *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649).

2. Evidence that defendant's blood alcohol concentration exceeded .10 grams about an hour and 15 minutes after Deputy Harlow arrived at the scene; that defendant was driving before the traffic stop; that defendant pulled off the road so that her husband could "throw up" and that defendant's truck was idling (while her husband remained on his knees at the roadside in a heaving slouch) when Deputy Harlow arrived at the scene is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable

doubt, of having an alcohol concentration of .10 grams or more within three hours of being in actual physical control of a moving vehicle. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Mattarochia v. State*, 200 Ga. App. 681, 682 (3) (409 SE2d 546).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JANUARY 27, 1999.

*Williams, Sammons & Sammons, George L. Williams, Jr.*, for appellant.

*Cynthia T. Adams, Solicitor, Geiger & Geiger, John W. Geiger*, for appellee.